Westmoreland Casualty Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Commonwealth of Pennsylvania, Respondents.

Commonwealth of Pennsylvania and Department of Labor and Industry, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Westmoreland Casualty Company, Respondents.

Argued September 15, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT.

*H. Reginald Benden, Jr.,* with him *Stewart, Belden, Sensenich and Herrington,* for Westmoreland Casualty Company.

*Mary Ellen Krober,* Assistant Attorney General, for Department of Labor and Industry.

OPINION BY JUDGE CRUMLISH, JR., November 25, 1977:

We have before us the consolidated cross-appeals of the Commonwealth and Westmoreland Casualty Company (Insurer) from the decision of the Workmen's Compensation Appeal Board (Board) in the matter of Insurer's Application for Supersedeas Fund Reimbursement pursuant to Section 443 of The Pennsylvania Workmen's Compensation Act.[1] At issue is the date from which the reimbursement commences.

Following an injury to Michael Miscovich on April 2, 1973, his employers, Jane Coal Company, Inc., and Oak Run Coal Company, Inc., and the Insurer filed a Notice of Compensation Payable, under which payments were made to Miscovich for approximately

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. (Act).

seven months.  On December 19, 1973, following an examination by the Insurer's doctor, which convinced the doctor that Miscovich had fully recovered, the Insurer summarily stopped making payments.[2]  On February 8, 1974, the Insurer filed a Termination Petition with the Bureau of Occupational Injury and Disease Compensation of the Department of Labor and Industry and requested a supersedeas pursuant to Section 413 of the Act, 77 P.S. §774.  That section states:

> The filing of a petition to terminate or modify a notice of compensation payable or a compensation agreement or award as provided in this section shall operate as a supersedeas, and shall suspend the payment of compensation fixed in the agreement or by the award, in whole or to such extent as the facts alleged in the petition would, if proved, require only when such petition alleges that the employe has returned to work at his prior or increased earnings or where the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect which is based upon an examination made within fifteen days of the filing of the petition. *In any other case, a petition to terminate or modify a compensation agreement or other payment arrangement or award as provided in this section shall not automatically operate as a supersedeas but may be designated as a request for a supersedeas, which may then be granted at*

---

[2] We note that, although it is not an issue in this case, this summary cessation of payment, prior to seeking and obtaining a supersedeas, was a violation of Section 413(b) of the Act, 77 P.S. §774.1, which could have subjected the insurer to the penalties provided in Section 435, 77 P.S. §991.

*the discretion of the referee hearing the case.* A supersedeas shall serve to suspend the payment of compensation in whole or to such extent as the facts alleged in the petition would, if proved, require. *The referee hearing the case shall rule on the request for a supersedeas as soon as possible* and may approve the request if proof of a change in medical status, or proof of any other fact which would serve to modify or terminate payment of compensation is submitted with the petition. The referee hearing the case may consider any other fact which he deems to be relevant when making the decision on the supersedeas request and the decision shall not be appealable. (Emphasis added.)

A hearing was held before Referee Joseph E. Kovach on April 16, at which time the Insurer's doctor testified that Miscovich had recovered. Referee Kovach orally denied the request for supersedeas and continued the case for the submission of the employe's medical evidence. Insurer then resumed payment and made retroactive payments to December 19, 1973. On April 4, 1976, about a year after the first hearing, with no medical testimony having been received from the employe, the referee rendered his decision wherein he found that claimant's disability had ceased on December 19, 1973, and granted the Petition for Termination, Request for Supersedeas "as of December 19, 1973." The referee then ordered the Commonwealth to reimburse Insurer for compensation paid to claimant after December 19, 1973, pursuant to Section 443 (a) of the Act, 77 P.S. §999(a), which states, in pertinent part:

If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 : . . , payments of compensation

are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. . . .

Insurer wrote to the Bureau's director, specifying the amount of reimbursement due, viz, $100 per week for 66 6/7 weeks (December 19, 1973 to March 31, 1975), or $6,685.76. Subsequently, Insurer was informed by the Bureau that new procedures for reimbursement application were about to be initiated, and that it should wait to utilize those procedures.

On July 30, 1975, the Legislature amended Section 443, effective immediately, by adding, *inter alia,* the following language to that quoted above:

Application for reimbursement shall be made to the department on forms prescribed by the department and furnished by the insurer. Applications may be assigned to a workmen's compensation referee for a hearing and determination of eligibility for reimbursement pursuant to this act. An appeal shall lie in the manner and on the grounds provided in section 423 of the act, from any allowance or disallowance of reimbursement under this section.

On October 31, 1975, the Bureau promulgated Rule 121.23, 34 Pa. Code §121.23, outlining the appropriate procedure and application form. On November 28, 1975, Insurer filed its Application for Supersedeas Fund Reimbursement, whereupon the Bureau scheduled a hearing on the application before another referee. No new evidence was presented at that hearing; rather, Insurer submitted documentary evidence, including the April 7, 1975 decision of Referee Kovach and the original Petition for Termination with the Physician's Affidavit of Recovery attached, and a certified Statement of Account of Compensation Paid.

On April 6, 1976, the referee, after reciting the procedural history outlined above, concluded that Insurer had established its eligibility for reimbursement from December 19, 1973 to March 31, 1975.

The Commonwealth filed timely appeal to the Board, alleging that Section 443 allows reimbursement only for payments made *as a result of* the denial of supersedeas and that therefore the reimbursement period should commence on the date of the denial, here, April 16, 1974. The Board held that the correct date from which reimbursement was to be measured was neither the date of medical recovery nor the date of denial of the supersedeas, but rather the date the supersedeas was requested, here, February 8, 1974. Both the Insurer and the Commonwealth appealed to this Court.

The Insurer, preliminary to its argument on the merits, contends that the Commonwealth's appeal is not properly before us since its appeal to the Board was untimely. It argues that, if the Commonwealth disagreed with that portion of the April 4, 1975 decision of Referee Kovach ordering reimbursement back to December 19, 1973, it should have filed an appeal to the Board within 20 days,[3] and that its failure to do so rendered the referee's decision final. The Commonwealth responds that the Department of Labor and Industry, as administrator and conservator of the Supersedeas Fund,[4] was never a party to the

---

[3] In support of its contention, the Insurer cites Section 423 of the Act, 77 P.S. §853, which reads in part:

Any party in interest may, within twenty days after notice of a referee's award or disallowance of compensation shall have been served upon him, take an appeal to the board. . . .

[4] Subsection (b) of Section 443, 77 P.S. §999(b), provides in part:

(b) There is hereby established a special fund in the State Treasury, separate and apart from all other public

termination proceedings before Referee Kovach and was not joined by Insurer for purposes of deciding the reimbursement issue, which, the Commonwealth implies, the referee should not have decided. Thus, since it was never made a party in interest to the termination proceedings and since it was never served with notice of the decision, the Commonwealth contends that it is not bound by the determination or by the appeal time limit. We agree.

As noted earlier, the Act as it existed at the time of the referee's decision simply provided that an insurer who, because of the denial of a supersedeas, pays compensation which is later determined to have been improper, "shall be reimbursed therefor." A separate procedure for application for Supersedeas Fund reimbursement was engrafted onto the Act by the Amendments passed and made effective July 30, 1975, some 75 days *after* the referee rendered his decision in this case. While it might be argued that prior to the 1975 Amendments the referee was correct in deciding the "whole case," *i.e.*, both termination *and* reimbursement, whereas now he is limited to the termination issue, it was improper for the referee in this case to order reimbursement where he had before him only a petition for termination and request for supersedeas in a proceeding in which Insurer and the claimant were the only interested parties. Even prior to the 1975 Amendments, proper administration and conservation of the Supersedeas Fund required that the

moneys or funds of this Commonwealth, to be known as the Workmen's Compensation Supersedeas Fund. The purpose of this fund shall be to provide moneys for payments pursuant to subsection (a), to include reimbursement to the Commonwealth for any such payments made from general revenues. *The department shall be charged with the maintenance and conservation of this fund.* (Emphasis added.)

Department be notified that application was being made for payment out of the funds of which it is conservator and that it be given an opportunity to appear at the hearing, both of which would have been accomplished by the joinder of the Department. Since the Department was never made a party in interest, the referee's consideration and decision of the reimbursement issue was improper and not binding upon the Department. This being so, it was not required to appeal the April 4, 1975, decision.

The merits are therefore properly before us.

After review of the history of Sections 443 and 413, we are of the opinion that the result reached by the Board best comports with the purposes of the Act and the realities of its administration. Prior to 1972, the filing of a petition to terminate operated, without more, as an automatic supersedeas to the Notice of Compensation Payable. The 1972 Amendments limited automatic supersedeas to cases where the injured worker returned to work at his same or better wage or where the petition was accompanied by a doctor's certificate of medical recovery based on an examination performed within 15 days of the filing of the petition. In all other cases, a supersedeas, while not automatic, may be granted by the referee after a hearing. The legislature enacted the dual procedure in order to balance the right of an employer to be free of the obligation to make payments to a worker where it appears that the employer will ultimately prove that the worker has recovered, against the right of the worker to be protected from sudden termination of his compensation without any showing whatever by the employer of change in the worker's condition. It is inconceivable that it was the legislature's intention to create differing financial liabilities depending on which procedure an employer utilizes. Thus, an employer who is unable to meet the requirements of the

automatic supersedeas and who instead requests and is denied a discretionary supersedeas, and later prevails on the merits of the termination petition, should not be penalized because of its inability to invoke the automatic process. Since an automatic supersedeas is effective upon the filing of the petition, reimbursement following denial of a discretionary supersedeas should also commence at the date of the filing.

Furthermore, adoption of the Commonwealth's position, under which reimbursement would date from the referee's denial of the request, would unjustly subject an employer or his insurer to increased monetary loss occasioned solely by the referee's delay in ruling upon the request, as occurred in this case. Here, the referee failed to act upon the request for over two months, in violation of the mandate of Section 417 of the Act, 77 P.S. §802, that petitions be heard within 35 days of filing, and in apparent contravention of Section 413 of the Act which requires referees to rule upon supersedeas requests "as soon as possible" and of a Department regulation, found at 34 Pa. Code §121.28, requiring referees to schedule hearings on supersedeas requests "forthwith." The purpose of the Supersedeas Fund provisions of the Act—that employers and insurers be reimbursed for compensation unnecessarily paid to workers who have in fact recovered from their injuries—would be seriously undermined by disallowing reimbursement for the potentially lengthy period between filing and the referee's denial.

Finally, our holding today is not contrary to the general rule that a supersedeas may not operate retroactively. That principle evolved from proceedings to stay orders of lower courts pending appeal. Here, where the legislature has enacted a carefully structured compensation program, the nature and scope of

a supersedeas staying agency action must be governed solely by the purpose and philosophy of the Act.

Accordingly, we

ORDER

AND Now, this 25th day of November, 1977, the decision of the Workmen's Compensation Appeal Board awarding reimbursement to Westmoreland Casualty Company for compensation paid Michael Miscovich on or after February 8, 1974, is hereby affirmed.