Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Pennsylvania Manufacturers' Association Insurance Company, Respondents.

Argued February 2, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Laurence W. Dague,* Assistant Attorney General, for petitioner.

*John P. Thomas,* for respondent, Pennsylvania Manufacturers' Association Insurance Company.

OPINION BY JUDGE MENCER, April 10, 1981:

The Department of Labor and Industry has appealed from a decision of the Workmen's Compensation Appeal Board (Board) which granted reimbursement to the Pennsylvania Manufacturers' Association Insurance Company (insurer) from the Commonwealth's Supersedeas Fund for certain benefits paid to Quentin T. Hamory (claimant). We reverse.

The claimant was injured on January 24, 1976 in a job-related accident and was awarded total disability benefits. On January 25, 1977, the employer and its insurer filed a termination petition which alleged that the claimant was employed at a wage equal to or greater than his earnings at the time of the accident. A hearing was conducted on June 27, 1977, at which time the insurer moved to amend its petition to include a request for a supersedeas pursuant to Section 413(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §774.[1] The amendment was permitted and both the supersedeas request and the termination petition were ultimately granted. The insurer subsequently applied to the Commonwealth for reimbursement from the Supersedeas Fund for the period between January 25, 1977 and July 10, 1977, pursuant to Section 443(a) of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §999(a). This appeal followed.

Section 413(a) of the Act provides that

[t]he filing of a petition to terminate or modify a notice of compensation payable or a compensation agreement or award as provided in this

---

[1] The remaining provisions of Section 413 are found at 77 P.S. §§771-773, 774.1, .2.

section shall operate as a supersedeas . . . only when such petition alleges that the employe has returned to work at his prior or increased earnings or where the petition alleges that the employe has fully recovered.

Therefore, the termination petition of January 25 had the effect of an *automatic* supersedeas which immediately relieved the insurer of its obligation to pay benefits. *See Department of Labor & Industry v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 265, 383 A.2d 261 (1978). Nevertheless, the insurer continued to make benefit payments until July 10, 1977.

The insurer contends that it continued to pay benefits beyond the effective date of the automatic supersedeas because it could not prove the allegations made in the January 25 petition. For this reason, the insurer argues that the petition and the June 27 amendment should be treated as a request for a *nonautomatic* supersedeas. This argument is patently without merit.

The insurer was free to elect between the automatic supersedeas procedure and the nonautomatic supersedeas procedure under Section 413(a) of the Act. If the claimant's earnings were unknown, then the insurer could have filed a modification petition based upon the allegation that the claimant had returned to work at an unknown wage, accompanied by a request for a nonautomatic supersedeas. The workmen's compensation referee would have conducted a hearing on the factual issues and, if a supersedeas were granted, then it would have been retroactive to the date of the application. *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 492, 379 A.2d 1080 (1977). The insurer would have been entitled to reimbursement from that date under the provisions of Section 443(a) of the Act, which provides:

If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 . . . , payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.[2]

Instead, the insurer baldly asserted that the claimant's earnings at the time of the petition exceeded his predisability wages, even though it had no evidence. The insurer's election to pursue this course required it to choose whether it would stop payment of benefits and risk a penalty if its allegations proved unfounded, *Lord v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 626, 395 A.2d 598 (1978), or whether it would continue paying benefits and risk losing those funds needlessly if its allegations were borne out. Either course involved some risk which could have been avoided had the insurer filed a nonautomatic supersedeas petition. Such improvidence should not be rewarded.

Sound public policy also supports our decision to reverse in this case. The automatic supersedeas petition envisioned by Section 413(a) of the Act permits an insurer to divest a claimant of his right to prompt payment of benefits without affording that claimant prior notice or a prior opportunity to be heard. While these procedural safeguards are not essential for the suspension of benefit payments,[3] the legislature expressed a clear intention that the safeguards should be provided in all but the clearest cases when it added

---

[2] Our holding in *Department of Labor & Industry v. Workmen's Compensation Appeal Board, supra,* extended Section 443(a) to include those cases in which a nonautomatic supersedeas is requested and ultimately granted.

[3] *See Silas v. Smith,* 361 F. Supp. 1187 (E.D. Pa. 1973).

the nonautomatic supersedeas procedure to Section 413(a). Section 3 of the Act of February 8, 1972. If an insurer or employer is certain that a claimant has returned to work at equal or greater wages or that his disability has ceased, then the automatic supersedeas proceedings are available. If there is any doubt, then the insurer or employer may institute a nonautomatic proceeding with minimal risk of pecuniary loss.

For these reasons, we hold that, where a workmen's compensation insurer files a termination petition which acts as an automatic supersedeas but continues to pay benefits to the claimant, it does so at its own risk and is not entitled to reimbursement from the Commonwealth's Supersedeas Fund.

ORDER

AND Now, this 10th day of April, 1981, the decision of the Workmen's Compensation Appeal Board, dated January 17, 1980, which awarded reimbursement to the Pennsylvania Manufacturers' Association Insurance Company from the Commonwealth's Supersedeas Fund, is hereby reversed.

This decision was reached prior to the resignation of Judge WILKINSON, JR.