Armelia Henderson, Petitioner *v.* Workmen's Compensation Appeal Board (Rockwell International, Inc.), Respondents.

Rockwell International-Axle Division, Petitioner *v.* Workmen's Compensation Appeal Board (Armelia Henderson), Respondents.

614

Argued February 2, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR. and DOYLE.

*Richard E. Flannery, Mansell, McKee, Mitsos & Flannery,* for Rockwell International—Axle Division.

*William G. Cohen, Cohen & Cusick,* for Armelia Henderson.

*Michael L. Harvey,* Deputy Attorney General, with him, *Allen C. Warshaw,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for intervenor, Commonwealth of Pennsylvania.

*Thomas Gerety,* for Amicus Curiae, Pittsburgh Chapter, Pennsylvania American Civil Liberties Union.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 8, 1982.

The Workmen's Compensation Appeal Board awarded benefits to Armelia Henderson and denied her request for attorney's fees and penalties. Cross-appeals were filed by her and her employer, Rockwell International, Inc.

In October of 1977, Henderson, a Rockwell employee, sustained a work-related injury. In May of 1978, she signed a final receipt and her benefits were terminated. She suffered a recurrence in January of 1979, and entered into a supplemental compensation agreement. In April, Rockwell petitioned to terminate compensation and proffered an affidavit by Dr. Medlock in support of its allegation that her injury had ceased, and her benefits were automatically suspended under Section 413(a) of The Pennsylvania Workmen's Compensation Act.[1]

The referee, concluding that Henderson's disability continued, reinstated her benefits but denied her request for attorney's fees and penalties. The Board affirmed and these cross-appeals followed.

Rockwell must prove that Henderson no longer had a work-related disability. *Children's Aid & Family*

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §774.

*Service v. Workmen's Compensation Appeal Board,*
53 Pa. Commonwealth Ct. 379, 417 A.2d 1297 (1980).
Rockwell maintains that the referee capriciously disregarded the testimony of Rockwell's medical witness,
Dr. Medlock.[2] Henderson's attending physician, Dr.
Rogers, testified that she was totally disabled and that
her disability was related to her 1977 injury and to its
January 1979 recurrence. In light of this conflicting
testimony, we cannot say that the referee capriciously
disregarded the testimony of Rockwell's medical witness, *Aversa.* We affirm the denial of the termination
petition.

We must also affirm the referee's refusal to award
attorney's fees and penalties. Section 443[3] provides
that no attorney's fees may be awarded where there is
a reasonable basis for the contest. Here, Dr. Medlock's deposition reveals that Rockwell had a reasonable basis for seeking termination of Henderson's benefits. Additionally, Section 435(d)[4] provides for the
imposition of penalites *only where* the employer is
guilty of unreasonable or excessive delays.

The Board's deletion of litigation costs and medical expenses from the computation of counsel fees
must be reversed. We have held that the determination of counsel fees under Section 442 of the Act,[5] may
take into account the full amount of the award made
by the referee, *Workmen's Compensation Appeal
Board v. General Machine Products Co.*, 24 Pa. Com-

---

[2] Where, as here, the party with the burden of proof did not
prevail below, our scope of review is limited to determining whether
the referee's findings evidenced a capricious disrgard of competent
evidence. *Aversa v. Workmen's Compensation Appeal Board*, Pa.
Commonwealth Ct. , 439 A.2d 1269 (1981).

[3] Added by Act of February 8, 1972, P.L. 25, *as amended*, 77
P.S. §996.

[4] 77 P.S. §991.

[5] 77 P.S. §998.

monwealth Ct. 95, 353 A.2d 911 (1976), and we conclude that the Board erred in modifying the referee's order.

Henderson has also challenged the constitutionality of Section 413 of the Act,[6] which provides that the filing of a termination petition, accompanied by a physician's affidavit, will act as an automatic supersedeas, suspending the claimant's benefits. She contends that this provision acts as a denial of her due process rights because the suspension of benefits is made without the proper procedural safeguards under the color of state law. She asserts that the state, in enacting this section, has significantly involved itself with Rockwell's actions or that, in the alternative, Rockwell is performing a traditional, governmental function. We disagree.

An earlier version of Section 413 was found to be constitutionally valid in *Silas v. Smith,* 361 F. Supp. 1187 (E.D. Pa. 1973).[7] We agree with that court's holding that the suspension of an employee's workmen's compensation benefits by a private insurer prior to a hearing does not violate the employee's rights to due process. *See also Department of Labor and Industry v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 413, 427 A.2d 1277 (1981).

Section 413 of the Act, although encompassed in a comprehensive system of regulation of workmen's compensation, does not significantly involve the state in the actions of the employer. The fact that a certain area is highly regulated is not sufficient by itself to

---

[6] 77 P.S. §774.

[7] Section 413 originally permitted an employer to suspend benefits immediately upon the filing of a termination petition. The present version of that section requires that an employer must also file a doctor's affidavit averring that the employee is no longer occupationally disabled before benefits may be suspended.

establish that a private party covered by such regulation acts under color of state law. *See Jackson v. Metropolitan Edison,* 419 U.S. 345 (1974). In order to demonstrate state action, there must also be a showing of active participation by state officials or a showing that the state ordered the private party to act in a specific manner. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149 (1978); *Jackson.* Employers and employees are permitted to enter into voluntary agreements to provide compensation without the supervision or intervention of any state official and these benefits may be terminated by mutual consent either through the signing of a final receipt, Section 434 of the Act, 77 P.S. §1001, or through agreement of the parties, Section 408 of the Act, 77 P.S. §732. An employer may force the discontinuance of benefits by filing a termination petition, and it may then suspend benefits without approval from state officials if it produces a physician's affidavit stating that the employee had recovered. It is true that the Act sets forth the exclusive means for terminating benefits, *Workmen's Compensation Appeal Board v. Leuschen,* 21 Pa. Commonwealth Ct. 39, 342 A.2d 810 (1975), but it does not *require* the employer to suspend benefits. The automatic supersedeas provision of the Act is merely an option available to the employer to be used at its own discretion.

Further, the state has not encouraged the suspension of benefits through the enactment of Section 413 because the compensation agreement between the parties constitutes a private contractual relationship and, if the Act did not exist, the employer would be free to stop payments if it determined that the employee's disability had ended. Section 413 actually restricts the employer's ability to undertake such action[8] and does

---

[8] The employer must file a termination petition, along with a doctor's affidavit, before halting payments. *See* note 7.

not bestow a remedy which was not already available. As the court noted in *Silas*:

> Since [Section 413] does not give private defendants any power which they did not otherwise possess, and since the state is not so implicated in the operation of §413 as to be a participant in the practices of the private defendants, the element of "state action" is lacking. . . .

*Id.* at 1194.

Finally, we reject the argument that state action existed here because a private party was delegated a function which was traditionally reserved to the state. The fact that a state provides a system for the resolution of private disputes does not mean that a private party, acting within that system, is performing a function reserved to the state. *Flagg Bros.; Silas.* In this case, the suspension of disability benefits essentially involved a private contractual matter between the parties and was not a function which was previously performed by any state official.

We will therefore affirm in part and modify in part the order of the Board.

## Order

The order of the Workmen's Compensation Appeal Board, No. A-79102 entered November 20, 1980, is affirmed in part and modified in part, and it is ordered that judgment be entered in favor of the claimant, Armelia Henderson, and against the employer, Rockwell International, Inc.—Axle Division, which is directed to pay compensation to the claimant at the rate of $199.00 per week beginning April 20, 1979, and into the future pursuant to the provisions of The Pennsylvania Workmen's Compensation Act, including interest on past due amounts at the rate of ten percent (10%) per annum.

It is further ordered that the employer shall pay to the claimant the costs set forth below:

(a) Youngstown Hospital Association, records      $   7.00

(b) John T. Burns, M.D., medical report and records      25.00

(c) St. Francis Hospital, medical report      5.00

(d) New Castle Orthopedic Association, exam., x-ray, report      90.00

(e) Jameson Memorial Hospital, subrogated to Dept. of Public Welfare      1,832.25

(f) New Castle Orthopedic Associates, exam., surgery by Dr. Rogers, assisting surgery by Dr. Corbett      1,820.00

(g) New Castle Orthopedic Associates (Dr. Rogers)      200.00

(h) Dr. Rogers' deposition fee      500.00

(i) Photocopies of Cohen & Cusick, requested by defendant      8.60

(j) John T. Burns, M.D., fee for depositions      150.00

(k) M. R. Pagley, stenographer, deposition of Dr. Medlock      37.15

(l) John T. Burns, M.D., bill for medical report      25.00

(m) E. Bayuszik, stenographer, deposition of Dr. Burns      113.30

(n) Barbara Rains, stenographer, deposition of Dr. Burns      79.50

(o) E. Bayuszik, stenographer, depositions of Dr. Burns      101.09

(p) Twila Tanner, stenographer, transcript of hearing of 9/18/79      36.00

(q)   E. Bayuszik, stenographer, deposition of Dr. Rogers                     214.40

(r)   Costs of Attorneys Cohen & Cusick (phone & travel)                      26.09

It is further ordered that the employer shall deduct twenty percent (20%) of the past compensation due to the claimant and twenty percent (20%) of the costs as set forth above and forward such amounts to William G. Cohen, Esquire, Suite 520, First National Bank Building, New Castle, Pennsylvania 16101.

Judge ROGERS concurs in the result only.

Judge MENCER did not participate in the decision in this case.