Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner *v.* Workmen's Compensation Appeal Board (Bethlehem Mines Corporation), Respondents.

Argued November 14, 1983, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Henry A. Riley,* Assistant Counsel, for petitioner.

*John J. Bagnato,* with him *Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for respondent, Bethlehem Mines Corporation.

OPINION BY JUDGE MACPHAIL, January 4, 1984:

The Department of Labor and Industry (Department) has brought this appeal from an order of the Workmen's Compensation Appeal Board (Board) allowing Bethlehem Mines Corporation (Respondent) to receive reimbursement from the Supersedeas Fund

pursuant to Section 443 of The Pennsylvania Workmen's Compensation Act (Act).[1]

On October 16, 1979, Respondent filed a petition to terminate workmen's compensation benefits which it had been paying to John Kutchman (Claimant) for total disability since June 28, 1979, pursuant to a notice of compensation payable. The termination petition included a request for a nonautomatic supersedeas.[2] The referee issued a decision granting the termination petition on September 24, 1980 and included therein a finding that he had granted an *oral* supersedeas to Respondent on November 21, 1979. The primary issue raised by this appeal is whether or not an oral supersedeas, which is never reduced to writing, is valid.

The importance of a supersedeas is that it enables an employer to suspend compensation payments pending the disposition of his termination petition. If the employer thereafter voluntarily continues to pay compensation, he does so at his own risk and may not be reimbursed for those payments should he ultimately succeed in the termination petition proceedings. *See Department of Labor and Industry v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 413, 427 A.2d 1277 (1981). If, however, a request for supersedeas is denied and the employer subsequently prevails in his termination petition, he is entitled to reimbursement from the Supersedeas Fund

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §999.

[2] Under the Act certain allegations in a termination petition will result in an "automatic" supersedeas. Those allegations are that the employee has returned to work with no loss of earnings or that he has fully recovered, as certified by a physician's affidavit attached to the petition. Section 413 of the Act, 77 P.S. §774. Absent such allegations, a termination petition can include a request for a "nonautomatic" supersedeas which may be granted at the discretion of the referee hearing the case. *Id.*

for compensation payments which were not, in fact, due. Section 443(a) of the Act, 77 P.S. §999(a).

In the instant case the Department contends that the referee's grant of an oral supersedeas on November 21, 1979, was effective to relieve Respondent of its obligation to pay further compensation. Thus, the Department would conclude that Respondent is not entitled to reimbursement for any payments which it made subsequent to November 21, 1979. The Department concedes, as it must, that the supersedeas was never reduced to writing. We observe that there is, accordingly, nothing of record to substantiate the existence of the supersedeas except for the referee's finding that it was, in fact, granted.

Department regulations regarding requests for nonautomatic supersedeas provide that:

> [S]upersedeas may be granted at the discretion of the referee only after a hearing has been scheduled and held pursuant to the provisions of act [sic]. . . . The referee hearing the case shall, within two days of the hearing, render a decision on the issue of supersedeas and shall dispose of the rest of the issues as soon as practicable by a written decision.

34 Pa. Code §121.28,[3] see also Section 413 of the Act, 77 P.S. §774. Moreover, Section 418 of the Act, 77 P.S. §833 requires that all orders entered by a referee on petitions assigned to him for hearing be made in writing. We conclude, as did the Board, that supersedeas decisions must be in writing in order to be later used to deny reimbursement from the Supersedeas Fund. The existense of a written order ensures that all parties will receive notice of the decision pursuant to Section 405 of the Act, 77 P.S. §716 and that a rec-

---

[3] Additional regulations regarding supersedeas requests now appear at 34 Pa. Code §§131.31-131.34. Those regulations, however, were not in effect during the time pertinent to the instant case.

ord of the decision will be present to facilitate subsequent reimbursement application proceedings such as the one presently before this Court.

Having determined that no proper action was taken on Respondent's supersedeas request, we think the request must be regarded as if it had been denied. Accordingly, Respondent is entitled to reimbursement for payments it made to Claimant after the filing of its request for supersedeas which were later determined not, in fact, to be payable. *See Pennsylvania Macaroni Co., Inc. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 267, 387 A.2d 949 (1978) (failure of referee to act on a supersedeas request is equivalent to a denial thereof and entitles the insurer to reimbursement when the termination petition is ultimately granted).

The remaining issue involves the amount of reimbursement to which Respondent is entitled. The referee, based upon his findings in the termination petition proceeding, granted reimbursement for two time periods: 1) from November 21, 1979 to March 18, 1980, at which time Claimant was entitled to compensation due to a hernia and 2) from June 2, 1980, when the hernia disability ended, through August 24, 1980, when Respondent terminated all compensation payments. We observe that the validity of the underlying decision on the termination petition is not before us for review and we express no opinion as to its propriety.[4] Under the procedures set forth by the Act, the reimbursement application proceeding is collateral

---

[4] We emphasize that our decision here should not be viewed as an approval of the referee's decision on the termination petition. We, in particular, are perplexed by the referee's finding regarding a hernia which apparently disabled Claimant from March 19 through June 1, 1980. The referee did not explain how, or if, the hernia was related to Claimant's prior injury of June 27, 1979 which was described as a "strain right knee and lumbo sacral strain." Since no

to the underlying termination petition. Therefore, the only issue properly before us is whether the referee and Board correctly calculated the reimbursement due based on the referee's unappealed order in the termination proceeding.

In general, when a termination petition is granted and a supersedeas request had previously been denied, reimbursement is due from the date of *the request* for supersedeas. *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 492, 379 A.2d 1080 (1977). The Board, being aware of this rule, noted in its affirmance of the referee's reimbursement order that the referee "was correct in allowing reimbursement for the payment of compensation from the time of *the request* for supersedeas." (Emphasis added.) The Board apparently failed to realize, however, that the referee did not grant reimbursement from the date of *the request* for supersedeas on October 16, 1979, but rather limited reimbursement to the time period subsequent to his purported grant of the supersedeas on November 21, 1979. Since we have determined that the action taken on November 21 was a nullity, we agree with the Board that reimbursement should date from the October 16 request. Subject to that modification, we conclude that the reimbursement calculation properly reflects the referee's decision in the termination proceeding, to wit, that the termination petition should be granted but that credit was not due Respondent for the intervening period of disability, from March 19, 1980 to June 1, 1980, which resulted from Claimant's hernia.

The Board's decision, as modified, will be affirmed.

appeal was taken from the referee's decision, however, we must accept the ruling as final and not subject to challenge in this collateral proceeding.

### Order

The order of the Workmen's Compensation Appeal Board, No. A-84205, dated December 16, 1982, is hereby affirmed subject to the modification that Bethlehem Mines Corporation be reimbursed from the Supersedeas Fund for the periods from October 16, 1979 to March 18, 1980 and June 2, 1980 to August 24, 1980.