516 A.2d 1318

Commonwealth of Pennsylvania, Bureau of Workers' Compensation, Petitioner *v.* Workmen's Compensation Appeal Board (Insurance Company of North America), Respondents.

Argued April 7, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Paul E. Baker,* Assistant Counsel, for petitioner.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for respondent, Insurance Company of North America.

OPINION BY SENIOR JUDGE BARBIERI, October 28, 1986:

The Bureau of Workers' Compensation on behalf of the Department of Labor and Industry of the Commonwealth of Pennsylvania (Petitioner) appeals here an order of the Workmen's Compensation Appeal Board (Board) which affirmed and amended an order of the referee granting an Application for Supersedeas Fund Reimbursement filed by the Insurance Company of North America (INA). The Board amended the date from which reimbursement had been granted by the referee. We will modify the Board's order and remand for recomputation of reimbursement.

The procedural facts are basically undisputed. Wanda Pannell (Claimant) suffered a work-related injury to her left leg on June 24, 1981 for which compensation was paid by INA under a Notice of Compensation Payable. There was no contest until December 29, 1981, when INA filed its Suspension Petition claiming that Claimant was capable of returning to work as of December 7, 1981, and requesting also in that petition that a supersedeas be granted. The request for supersedeas was denied. Eight hearings were held on the suspension petition, the last of which was on March 1, 1983, after which a hearing was scheduled for April 8, 1983. On April 1, 1983 Claimant's counsel directed a letter to the referee stating that the Claimant "agrees to a finding in favor of Colonial Penn as of the date of the

hearing." Although the hearing referred to in the letter from Claimant's counsel could not possibly have been one other than the one then listed for April 8, 1983, the referee entered an order on April 6, 1983 granting the suspension as of December 7, 1981. At the hearing on April 8, 1983, the sole evidence offered consisted of a note from Claimant's treating physician indicating that she was able to return to work as of February 21, 1983 upon which INA's counsel then stated a "renewed request for Supersedeas, and that Supersedeas be granted as of February 21, 1983," whereupon the referee stated of record "[s]upersedeas is granted as of February 21, 1983."

On May 16, 1983, INA filed an Application for Supersedeas Fund Reimbursement requesting of the Workmen's Compensation Supersedeas Fund (Fund) reimbursement in the amount of $11,293.93, representing $158.75 per week for the period between December 7, 1981 and April 18, 1983. This petition was granted as requested in a decision dated February 9, 1984. On appeal by the Fund, the Board affirmed the referee, but amended his decision by providing that the period of reimbursement must commence December 29, 1981, the date INA filed its Suspension Petition, rather than December 7, 1981.

Petitioner contends here that under Section 443 of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §999, INA is not entitled to reimbursement. Section 443 reads in pertinent part:

(a) If, in any case in which a supersedeas has been requested and denied under the provisions of Section 413 . . . , payments of compensation are made as a result thereof and upon the final outcome of the proceedings, *it is determined*

---

[1] Act of June 2, 1915, P.L. 736, *as amended*.

*that such compensation was not, in fact, payable,* the insurer who has made such payments shall be reimbursed therefor. (Emphasis added.)

Section 443(b) contains the following language:

(b) There is hereby established a special fund in the State Treasury, . . . to be known as the Workmen's Compensation Supersedeas Fund. The purpose of this fund shall be to provide moneys for payments pursuant to subsection (a), . . . . The department shall be *charged with the maintenance and conservation of this fund.* (Emphasis added.)

By the plain language of Section 443(a), as quoted, the following criteria are established by the Legislature for payments from the Fund:

1. A supersedeas must have been requested;

2. The request for supersedeas must have been denied;

3. The request must have been made in a proceeding under Section 413 of the Act;[2]

4. Payments were continued because of the order denying the supersedeas; and

5. In the final outcome of the proceedings 'it is determined that such compensation was not, in fact, payable.'

Compliance here with the first four requirements is not disputed, with Petitioner's principal contention being that there has been a failure of INA to meet the statutory requirements contained in the fifth of the criteria. We agree and will direct a modified order limiting the period of payments subject to reimbursement.

Totally without merit is INA's contention, relying upon our decision in *Commonwealth of Pennsylvania,*

---

[2] 77 P.S. §§771-774. Only §§772 and 774 are involved here.

*Dept. of Labor and Industry v. Workmen's Compensation Appeal Board (Bethlehem Mines),* 79 Pa. Commonwealth Ct. 290, 469 A.2d 705 (1984), that the validity of the referee's order of April 6, 1983 granting suspension as of December 7, 1981, may not be questioned here because "[n]either claimant nor defendant appealed the underlying Workmen's Compensation decision in which the referee suspended compensation as of December 7, 1981." INA's contention is stated as follows:

Neither claimant nor defendant appealed the underlying Workmen's Compensation decision in which the Referee suspended compensation as of December 7, 1981. That decision is final and entirely and completely dispositive of the issue of whether or not compensation was in fact payable after December 7, 1981 and during the period for which supersedeas fund reimbursement has been ordered. Since there was no appeal from the underlying decision this Honorable Court is not now reviewing that underlying decision.

In its brief, the Commonwealth counters INA's contention stating its position as follows:

Although the underlying Suspension, Termination or Modification Petition proceeding is not to be relitigated the findings of fact in the underlying case must be considered and the Referee, in the subsequent reimbursement proceeding, must make an independent determination as to whether the requirements of Section 443 have been met. *The Commonwealth, as the conservator of the Fund, was not a party in the underlying case and had no ability to appeal the decision.*[3] (Emphasis added.)

_____

[3] We believe that this apparent due process deficiency is eliminated by holding, as this Court did, in *Palmer* and *Westmoreland.* See quotations in this opinion from *Palmer* and *Westmoreland.*

Aside from the fact that quite obviously it is irrelevant to the Fund that the parties to an agreed order failed to take an appeal when the Fund is neither a party to that proceeding nor on notice that the agreed order would be sought and entered, INA's contention has been rejected by this Court in our en banc decision in *Westmoreland Cas. Co. v. Workmen's Compensation Appeal Board (Commonwealth of Pennsylvania)*, 32 Pa. Commonwealth Ct. 492, 379 A.2d 1080 (1977), where the period of payments to be reimbursed was fixed in the case involving a termination petition, and we stated:

> The Insurer, preliminary to its argument on the merits, contends that the Commonwealth's appeal is not properly before us since its appeal to the Board was untimely. It argues that, if the Commonwealth disagreed with that portion of the April 4, 1975 decision of Referee Kovach ordering reimbursement back to December 19, 1973, it should have filed an appeal to the Board within 20 days, and that its failure to do so rendered the referee's decision final. The Commonwealth responds that the Department of Labor and Industry, as administrator and conservator of the Supersedeas Fund, was never a party to the termination proceedings before Referee Kovach and was not joined by Insurer for purposes of deciding the reimbursement issue, which, the Commonwealth implies, the referee should not have decided. Thus, *since it was never made a party in interest to the termination proceedings and since it was never served with notice of the decision, the Commonwealth contends that it is not bound by the determination or by the appeal time limit*. We agree. (Emphasis added.)

32 Pa. Commonwealth Ct. at 497-498, 379 A.2d at 1083.

Furthermore, in our more recent decision in *Commonwealth of Pennsylvania, Department of Labor and Industry v. Workmen's Compensation Appeal Board (Commercial Union Ins. Co. and Gary Palmer)*, 97 Pa. Commonwealth Ct. 520, 510 A.2d 373 (1986) *(Palmer)*, we stated:

> . . . [W]e note at the outset that the Insurer, Respondent herein, sought and obtained from the Board an order enforcing its claim against the Fund based upon an agreement to which the Fund was not a party . . . the stipulation of the parties in this case is merely an agreement, with no formal judiciary effect such as res judicata. This Court has so held, Spears v. Workmen's Compensation Appeal Board (Newman), 85 Pa. Commonwealth Ct. 346, 481 A.2d 1244 (1984). See Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board (Maas), 506 Pa. 592, 487 A.2d 794 (1985). . . . Section 443(a) provides
>
> (a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is *determined* that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. (Emphasis added.)[4]
>
> Very simply, as we read this provision, the requirement that it be *'determined*[5] that [the] compensation was not, in fact, payable' does not authorize invasion of the Fund by agreement of

---

[4] Emphasis was added in the original opinion.
[5] *Id.*

the parties, excluding the Fund, . . . We are supported in this view, we think, by the clear imposition of responsibility upon the Department of the Fund's management and conservation with the provision in Section 443(b) that '[t]he department shall be charged with the maintenance and conservation of this fund.' Obviously, the Fund cannot meet that legislatively-imposed responsibility if it must pay out on claims based upon agreements to which it is not a party and clearly such an agreement can have no res judicata effect simply because it forms the basis for a referee's approval in the form of a decision. Spears. . . . *We conclude that the very least the Department as conservator of the Fund is entitled as the basis for reimbursement to have an arms length or adversary type determination, rather than agreement with or without a referee's approval, on which the Insurer bases its claim, that the 'compensation was not, in fact, payable.' (Emphasis preceding added.)*

*Accordingly, we hold that there was no determination* as required to validate a claim against the Fund, but only an agreement on which to base the claim; that the Department was not a party to the agreement or on notice, either directly or by compliance with its regulations, 34 Pa. Code §121.18; and, in any event, . . . no valid claim was presented under Section 443(a) of the Act. (Emphasis added.)

97 Pa. Commonwealth Ct. at 526-529, 510 A.2d at 375-377.

Here, again in this case, there is solely an agreement of parties other than the Fund, with no opportunity for the Fund to participate or be heard.[6]

---

[6] We must note, in further disagreement with INA, aside from *Westmoreland,* that *Department of Labor and Industry v. Work-*

We turn now to the decision in what INA calls "the underlying case" on which it predicates its claim against the Fund, and note that this decision consists solely of the following:

## FINDINGS OF FACT

This case comes before the Referee on a Suspension Petition filed by the Defendant. This case was listed several times, before another listing the Referee was in Receipt of a letter dated April 1, 1983 from Claimant's attorney, Joel M. Lieberman, Esquire, stating that the Claimant agreed with the Petition for Suspension.

## ORDER

AND NOW, TO WIT, this 6th day of April, 1983 Suspension is GRANTED as of December 7, 1981.

Not only is there no factual support for the quoted statements, which certainly do not constitute any finding, as required by Section 443(a) that the compensation for which claim is now made against the Fund "was not, in fact, payable," but this statement by the referee is not based upon the record in the case, but based solely upon the contents of a letter from Claimant's counsel which simply states

---

men's *Compensation Appeal Board (Bethlehem Mines Corporation)*, 79 Pa. Commonwealth Ct. 290, 469 A.2d 705 (1984), relied upon by INA is clearly distinguishable, since in that case, unlike this one, "the validity of the underlying decision . . . [was] not before us for review. . . ." 79 Pa. Commonwealth Ct. 294-295, 469 A.2d 708. Also, the decision in the "underlying case" there was based upon a record made in an adversary proceeding and not upon an agreement to which the Fund was not a party. *See also Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Allstate Insurance Company)*, 96 Pa. Commonwealth Ct. 388, 508 A.2d 388 (1986), where we also approved a reimbursement order, but there was a record made providing support for the reimbursement order.

It has been brought to my attention that the above is scheduled for a hearing on Friday, April 8, 1983 at 9:30 a.m. Please be advised that the claimant, Wanda Pannell, intends to present no defense to the request for suspension. Accordingly, Wanda Pannell hereby *agrees to a finding in favor of Colonial Penn as of the date of the hearing.* (Emphasis added.)

The "date of the hearing" obviously was April 8, 1983; it could not have been any other date for agreed suspension, such as December 7, 1981, as found by the referee, or December 29, 1981, fixed by the Board, or January 6, 1982,[7] since as is quite obvious, no hearings were set or held on any of those three dates. It follows that, contrary to the referee's statement, Claimant had not "agreed with the Petition for Suspension" as of December 7, 1981. Actually, the sole evidence supplying any basis for the suspension to be entered prior to April 8, 1983 was contained in the record made at the hearing that did take place on the hearing date, April 8, 1983. As Petitioner notes, there was made part of the record in that hearing the statement from Claimant's physician, dated February 21, 1983, stating that Claimant "is able to resume full duties," and this properly formed the basis for a supersedeas granted as of February 21, 1983. In our view, this was the true underlying decision on which the claim against the Fund could properly be predicated, being based on the only evidence of reduc-

---

[7] January 6, 1982 is the date when the petition for suspension, also requesting a supersedeas, was received by the Department of Labor and Industry. Under the decision reached here, however, these dates become irrelevant. We note that ordinarily the mailing date would fix the possible start of a supersedeas, if granted, *Westmoreland Casualty Company*, 32 Pa. Commonwealth Ct. at 500, 379 A.2d at 1084. In the absence of proof of the mailing date, the date of receipt of the petition would fix the beginning of the supersedeas period.

tion of disability of which we are aware.[8] Payments made after February 21, 1983 are, of course, properly reimbursable out of the Fund since, although the Fund was not a party to the proceeding on April 8, 1983, there is acceptable record support for the referee's determination that supersedeas should be granted as of February 21, 1983. Totally absent in this case is any finding that disability prior to February 21, 1983 was "not, in fact, payable."[9]

We come now to the record made in connection with the referee's decision ordering reimbursement from the Fund, dated February 9, 1984. The Fund was represented at the only hearing, held on February 6, 1984. This hearing was pursuant to the petition requesting reimbursement for compensation payments from December 7, 1981 to April 18, 1983, a total of $11,293.93, also averring that there was a suspension of compensation as of December 7, 1981. We have looked in vain through the total, although sparse, record made pursuant to the supersedeas petition and presented at the hearing on February 6, 1984, for any indication that compensation paid from December 7, 1981 to February 21, 1983, was not in fact payable to Claimant, nor is there any statement there by insurer's counsel that the payments were not payable; only that Claimant's coun-

---

[8] We have not been supplied with any record of testimony adduced at hearings on the petition for suspension except the letter from Claimant's counsel. R.R. 23a.

[9] The referee's fourth "finding" in his decision of February 9, 1984, is a conclusion of law, in error as previously noted, and his second conclusion of law is patently false. It reads:

2. Insurer has established by competent evidence that the final outcome of the proceedings as set forth in Finding of Fact No. 4 has determined that the compensation aforementioned was not, in fact, payable.

As pointed out in this opinion, there is no "competent evidence" that the amount claimed was not, in fact, payable.

sel had agreed to a suspension, but without stating the date as of which counsel had agreed that the suspension should become effective. The insurer's only record evidence at that hearing[10] was provided by introducing copies of drafts for compensation paid during the period from December 7, 1981 through April 25, 1983, payments which obviously were not in contest, evidence which proved nothing as to the critical issue as to whether or not the funds disbursed by those drafts were "not, in fact, payable."

Since there is no proof and, of course, no proper finding on some supporting evidence that payments prior to February 21, 1983, were "not, in fact, payable," it follows that we must modify the Board's order in this case and allow reimbursement only for the period and the payments after February 21, 1983.[11]

## ORDER

Now, this 28th day of October, 1986, the order of the Workmen's Compensation Appeal Board, No. A-87835, dated January 17, 1985, is hereby modified to direct reimbursement of compensation paid by Insurance Company of North America after February 21, 1983, and the case is remanded for recomputation of the amount of reimbursement due for payments made during that period. Jurisdiction relinquished.

Judge MacPhail dissents.

---

[10] Aside from copies of the referee's decision stated as of April 26, 1983 (actually April 6, 1983), the notes of testimony of hearing held on April 8, 1983, the note from Claimant's physician and the letter from Claimant's attorney, items previously discussed in this opinion.

[11] This opinion was assigned to the author on July 23, 1986.