Great American Insurance Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Commonwealth of Pennsylvania, Department of Labor & Industry, Respondents.

14

Argued December 12, 1980, before Judges WILKINSON, JR., WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Joseph S. Bekelza,* with him *David L. Pennington, Harvey, Pennington, Herting & Renneisen, Ltd.,* for petitioner.

*Gregory D. Geiss,* Assistant Attorney General, with him *Laurence W. Dague,* Assistant Attorney General, for respondents.

OPINION BY JUDGE WILLIAMS, JR., March 19, 1981:

In this appeal we are faced with the question of whether appellant Great American Insurance Company (Company) was entitled to reimbursement from the Supersedeas Fund pursuant to Section 443 of The Pennsylvania Workmen's Compensation Act.[1]

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §999.

In October 1974 the Company issued a Notice of Compensation Payable for a work related injury of one Mamie Lee Warren. The rate of compensation was set at $93.87 per week, beginning October 2, 1974. On January 17, 1975, the Company petitioned to terminate the benefits. That petition alleged only that all disability had ceased and terminated on November 18, 1974, and that the claimant had been discharged to return to work on November 18, 1974, according to a medical report attached to the petition. The petition to terminate did not expressly designate or request that a supersedeas be granted; and no such relief was otherwise expressly requested when the petition was filed.

Several hearings on the petition were held between May, 1977, and December, 1977. At the hearing on September 7, 1977, the referee entered a supersedeas in the Company's favor, providing that no compensation was to be paid to Ms. Warren after September 7. Apparently, the Company's express request for the supersedeas was made on that date. On September 20, 1979, the referee finally entered an order terminating benefits, as of November 18, 1974.

On December 8, 1978, the Company filed a petition with the state Department of Labor and Industry requesting reimbursement from the Supersedeas Fund for amounts paid to or on behalf of Ms. Warren from the date of the termination petition (January 17, 1975) to the date a supersedeas was obtained (September 7, 1977). The sum claimed for was $25,087.35 in compensation and $1316.00 in medical bills. In February, 1979, a referee's hearing was held on the reimbursement petition; and on March 23, 1979, the referee entered an order denying that petition. The Workmen's Compensation Appeal Board affirmed the referee's decision *per curiam*; and the Company further appealed to this Court.

The legal source of the right to reimbursement here in question is Section 443(a) of the Workmen's Com-

pensation Act. That Section in pertinent part provides as follows:

> If, in any case in which a supersedeas has been *requested and denied* under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. (Emphasis added.)

In the instant case, the referee's threshold basis for denying the Company's petition for reimbursement was a finding that the Company had not *requested* a supersedeas prior to September 7, 1977, on which date a supersedeas was granted. In short, the referee determined that none of the benefits paid after the filing of the petition to terminate and September 7, 1977, were the result of a denied request for a supersedeas, and thus such payments were not reimburseable under Section 443(a) of the Act.

The appellant does not contend that it expressly requested a supersedeas when it filed the petition. Nor does the appellant dispute the finding that it made no such express request at any time prior to September 7, 1977. What the Appellant, Company, argues is that it had no legal duty to expressly request a supersedeas because the mere filing of its petition to terminate constituted such a request *by implication.*

The operative effect of a petition to terminate as a supersedeas is set forth in Section 413 of the Act.[2] That Section sets forth certain limited circumstances in which the mere filing of a termination petition will automatically operate as a supersedeas. *The Company concedes that it was not entitled to an automatic*

---

[2] 77 P.S. §774.

*supersedeas under Section 413.* For cases other than an *automatic* supersedeas the above Section provides in pertinent part that:

> In any other case, a petition to terminate ... shall not automatically operate as a supersedeas but *may be designated as a request for a supersedeas,* which may then be granted at the discretion of the referee hearing the case.... The referee hearing the case shall *rule on the request* for a supersedeas as soon as possible and may approve the *request....* The referee hearing the case may consider any other fact which he deems to be relevant when making the decision on the supersedeas *request....* (Emphasis added.)

Beyond the automatic supersedeas it is clear that, under Section 413, for a termination petition to have the effect of a supersedeas the petition must have been *designated as a request* for a supersedeas and that request favorably decided by the referee. Absent such a request by *designation* there can be no non-automatic supersedeas under Section 413. Although the Section does not specify who must designate the petition as such a request, common sense need not look far for the answer. We cannot imagine that the legislature expected the compensation authorities to be the designating force or to make the request over the silence of the petitioner. In short, we construe Section 413 to mean that if a petition to terminate is to be treated as a request for a supersedeas it must be by designation of the petitioner, the person with the interest in such a remedy. If a petition to terminate is to be deemed a request for a supersedeas, such request must be by express designation; it cannot be by implication.

Since the instant appellant did not designate, at the time of filing, that its petition to terminate should be

treated as a request for a supersedeas, and since the appellant did not at any time prior to September 7, 1977, otherwise expressly request a supersedeas, we agree with the referee's decision in this case.

The appellant's reliance on *Department of Labor and Industry v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 265, 383 A.2d 261 (1978), in unavailing. In that case the insurer filed a petition for termination which also requested a hearing on the issue of whether a supersedeas should be granted. Nor is the appellant aided by the case of *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 492, 379 A.2d 1080 (1977), which also involved an express request for a supersedeas made at the time the petition was filed.

For the reasons set forth, we affirm the order of the Workmen's Compensation Appeal Board in this case.[3]

## ORDER

AND Now, the 19th day of March, 1981, the order of the Workmen's Compensation Appeal Board in the above matter, dated October 16, 1979, is affirmed.

---

[3] The appellant also asserts that the petition form provided by the compensation authorities was misleading, in that the form did not offer a space to designate that a supersedeas was requested. We find no merit in this contention, in light of the clear import of Sections 413 and 443(a) that for a non-automatic supersedeas a *request* must have been expressly made.