Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner *v.* Workmen's Compensation Appeal Board (American Motorists Insurance Company), Respondents.

420

Argued September 15, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three

*Henry A. Riley*, Assistant Counsel, with him *Lisa Roth*, Assistant Counsel, for petitioner.

*Frank J. Goldenberg*, with him *Morton H. Kagen*, Kagen, Griffith, Strickler, Lerman & Solymos, for respondents.

OPINION BY JUDGE WILLIAMS, JR., May 20, 1983:

This matter comes before us on appeal by the Commonwealth from an order of the Workmen's Compensation Appeal Board (Board). The Board's order affirmed a referee's decision granting American Motorists Insurance Company (insurer) reimbursement from the Workmen's Compensation Supersedeas Fund

pursuant to Section 443(a) of The Pennsylvania Workmen's Compensation Act (Act).[1]

Claimant Ricky Lee Stahley sustained a work-related injury on May 17, 1977, and thereafter received disability benefits under a compensation agreement. On October 11, 1978, the claimant's employer, Acme Quilting Company/Hanover Industries, filed a petition to terminate the compensation agreement, alleging that the claimant's disability had ceased, and that he had failed to submit to a medical examination as ordered by the Board pursuant to Section 314 of the Act.[2] The petition to terminate did not include, and was not expressly designated as, a request for a supersedeas; and no such relief was otherwise requested at the time the petition was filed.

A hearing on the petition was held before the referee on November 3, 1978, at which time the employer introduced into evidence affidavits verifying the claimant's failure to appear for a physical examination pursuant to the Board's order. The claimant, who did not file an answer to the petition to terminate, did not appear in person or by counsel at the hearing. On July 18, 1979, the referee entered an order terminating benefits as of November 3, 1978.

On September 6, 1979 the insurer filed, with the Department of Labor and Industry (Department), an application requesting reimbursement from the Supersedeas Fund. The amount claimed was $3,653.05, representing the sum of benefits paid to claimant from November 3, 1978, the date of the hearing on the petition to terminate, to July 18, 1979, the date on which the referee granted that petition. Following a hearing on the application for reimbursement held on Decem-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. §999(a).

[2] 77 P.S. §651.

ber 20, 1979, the referee entered an order, dated February 10, 1981, granting the application and directing the Department to reimburse the insurer in the amount requested. The Board affirmed the referee's decision, and an appeal to this Court followed.

Section 443(a) of the Act is the source of the right to reimbursement from the Supersedeas Fund. This Section provides in pertinent part as follows:

If, in any case in which a supersedeas has been *requested* and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. (Emphasis added.)[3]

Pursuant to Section 413 of the Act,[4] the mere filing of a petition to terminate compensation operates as an automatic supersedeas, immediately relieving the insurer of its obligation to pay benefits, when the petition alleges that the employe has returned to work at wages equal to or greater than his prior earnings, or when the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician to that effect. Thus, where a petition to terminate operates as an automatic supersedeas, a specific request for a supersedeas and a decision on such request by the referee are not prerequisite to recovery under Section 443(a). In situations not involving an

[3] In *Department of Labor and Industry v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 265, 383 A.2d 261 (1978), we held that, despite a literal reading of Section 443(a), a compensation insurer may receive reimbursement from the Supersedeas Fund whether its request for a supersedeas is *granted or denied*. We reasoned that to interpret this Section otherwise would produce an absurd result.

[4] 77 P.S. §774.

automatic supersedeas, the above Section pertinently provides:

> In any other case, a petition to terminate . . . shall not automatically operate as a supersedeas but *may be designated as a request for a supersedeas,* which may then be granted at the discretion of the referee hearing the case. . . . The referee hearing the case *shall rule on the request* for a supersedeas as soon as possible and may approve the *request.* . . . The referee hearing the case may consider any other fact which he deems to be relevant when making the decision on the supersedeas *request.* . . . (Emphasis added.)

Thus, it is apparent from a reading of Sections 443(a) and 413 that, where a non-automatic, or discretionary, supersedeas is involved, an explicit request for a supersedeas, and a decision thereon by the referee, are conditions of recovery from the Supersedeas Fund.

In *Great American Insurance Co. v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 13, 426 A.2d 1284 (1981), a case involving a discretionary supersedeas under Section 413, the insurer's petition to terminate benefits did not include, and was not expressly designated as, a request for a supersedeas at the time it was filed. An express request for a supersedeas was made, however, and granted, at one of the several hearings held on the termination petition before the referee. Following these hearings, the referee entered an order terminating benefits; and thereafter, the insurer sought reimbursement from the Supersedeas Fund for amounts paid from the date the termination petition was filed to the date of the hearing at which the supersedeas was granted. The insurer argued that it was entitled to such relief and that it had no duty to expressly request a supersedeas, because the mere filing of its petition to terminate con-

stituted such a request *by implication*. We held that, beyond the automatic supersedeas, for a termination petition to have the effect of a supersedeas under Section 413, the petition must be *expressly* designated as a request for such relief. In other words, absent a request by express designation of the petition to terminate, there can be no discretionary supersedeas under that Section. Accordingly, since the insurer there did not designate, at the time of filing, that its position to terminate should be treated as a request for a supersedeas, and since the insurer did not at any time prior to the referee's hearing otherwise expressly request a supersedeas, it was not entitled to the reimbursement sought.

In the instant matter, it is not disputed that the insurer was not entitled to an automatic supersedeas, nor that the petition to terminate was not expressly designated as a request for a supersedeas at the time it was filed. Instead, the insurer contends that, in accord with our decision in *Great American Insurance Co.*, it designated its petition to terminate as a request for a supersedeas at the November 3, 1978 hearing on that petition. Specifically, the insurer asserts that its counsel's statement, ''I think the only way to get any response [by claimant to the Board's order directing him to appear for a physical examination] is to cease payments,'' constituted such a request. In addition, the insurer argues that the referee's order of July 18, 1979 granting the termination petition was tantamount to the grant of a supersedeas.

While we agree with the insurer's assertion that Section 413 of the Act does not prescribe particular words which must be used in designating a petition to terminate as a request for a supersedeas, that Section does, nonetheless, require that such a request be made by express designation. *Great American Insurance Co.* As indicated, the above statement by counsel suggest-

ing the cessation of payments was in reference to termination of disability benefits under the compensation agreement due to claimant's failure to submit to a medical examination as ordered by the Board pursuant to Section 314 of the Act.[5] *That statement was nowise an express designation of the petition to terminate as a request for a supersedeas.* In addition, a thorough examination of the record reveals that the insurer did not expressly request a supersedeas at any other time during the hearing. Furthermore, the referee's order of July 18, 1979 states only that "the Petition for Termination of Compensation is granted as of November 3, 1978. . . ." There is no mention of a supersedeas anywhere in that order. Thus, there was neither a request for a supersedeas by express designation of the petition to terminate, nor any decision on such alleged request by the referee, as required by Section 443(a) of the Act.

The Board, in its decision, cited *Great American Insurance Co.*, and yet awarded the insurer reimbursement from the Supersedeas Fund based on the conclusion that "the insurer did, *in effect,* request a supersedeas before the referee" during the hearing on the petition to terminate (emphasis added). In light of the foregoing, the grant of reimbursement based on such determination was plainly in error.

Accordingly, the order of the Workmen's Compensation Appeal Board is reversed.

## ORDER

AND Now, the 20th day of May, 1983, the order of the Workmen's Compensation Appeal Board in the above matter, dated July 2, 1981, is hereby reversed.

---

[5] Also, we note that the referee stated at the close of the hearing on the petition to terminate: "Under Section 314 of the Workmen's Compensation Act we can cease—issue an Order to cease payments until [claimant] complies . . . with the Order of the Board."