552 A.2d 1175

Commonwealth of Pennsylvania, Bureau of Workers' Compensation, Petitioner *v.* Zurich-American Insurance Company, Respondent.

Submitted on briefs June 14, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Richard T. Kelley,* for petitioner.

*Robert L. Saunders, Mutzabaugh, Mutzabaugh, Saunders* & *Mattie,* for respondent.

OPINION BY SENIOR JUDGE BLATT, January 27, 1989:

This matter is before us pursuant to a petition for review filed by the Commonwealth of Pennsylvania, Bureau of Workers' Compensation (Commonwealth) from an opinion and order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision awarding respondent Zurich-American Insurance Company reimbursement from the Supersedeas Fund pursuant to Section 443 of The Pennsylvania Workmen's Compensation Act (Act).[1]

The pertinent facts are that on June 8, 1983 the respondent filed with the Board a petition to suspend compensation to Kevin Gallagher (claimant) on the basis that the injury to the index finger of his right hand was untreatable and the only course of treatment was amputation. The petition also contained the following entreaty:

Considerable time will elapse between the date of this petition and the final determination of this issue by reason of the medical testimony to be taken and the hearings to be held and a possible appeal and this petitioner requests the Board at this time to order a suspension of all further payments to Claimant until it is determined whether or not the remedy in this case is the amputation of the finger or an attempt to reconstruct it.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §999.

The referee later granted the suspension petition, ruling that the injury had resolved itself into a specific loss, and limited compensation to fifty weeks, plus a six-week healing period.[2] However, by that time the claimant had already been paid sixty-eight weeks of compensation. Thus the referee found that the claimant had been overpaid, and no further compensation was due or payable.

The respondent then applied for reimbursement from the Supersedeas Fund. The Commonwealth, as conservator of the Supersedeas Fund, opposed the application. The referee granted the application, and the Commonwealth appealed to the Board. The Board affirmed, and this appeal followed.

The Commonwealth raises two issues in its petition for review: First, whether the petition to suspend compensation was filed under Section 413 of the Act,[3] which, the Commonwealth contends, is a prerequisite to reimbursement from the Fund; and second, whether the respondent properly requested a supersedeas when it filed the suspension petition, which, the Commonwealth contends, is also a prerequisite to reimbursement.

Section 443(a) of the Act provides:

If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. Application for reimburse-

---

[2] The provision for a combined fifty-six weeks of compensation for the specific loss of an index finger plus a healing period is set forth at Sections 306(c) (10) and (25) of the Act, 77 P.S. §513(10) and (25).

[3] 77 P.S. §§771-774.

ment shall be made to the department on forms prescribed by the department and furnished by the insurer. Applications may be assigned to a workmen's compensation referee for a hearing and determination of eligibility for reimbursement pursuant to this act. An appeal shall lie in the manner and on the grounds provided in section 423 of this act, from any allowance or disallowance of reimbursement under this section.

(Footnotes omitted.) Section 413 of the Act relates, *inter alia*, to petitions to modify, reinstate, suspend or terminate compensation. The Commonwealth contends that the petition the respondent filed was in actuality a petition to review medical treatment under Section 306(f) (2)(II) of the Act.[4] That section provides:

The employer shall have the right to petition the department for review of the necessity or frequency of treatment of reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. Such a petition shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills if the physician or other practitioner of the healing arts files a report or reports as required by subparagraph (I) of paragraph (2) of this subsection.

We note, however, that the petition specifically requests a suspension of compensation.[5] Furthermore, the referee treated the petition as a suspension petition filed under Section 413, and this was not contested by the Commonwealth when it appeared before the referee at

---

[4] 77 P.S. §531(2)(ii).

[5] The relief requested in the petition is that the "Board make such an order of suspension at this time or to refer the matter to a Referee for an early hearing."

the hearing on the reimbursement petition. Consequently, we find that the petition was indeed a suspension petition filed under Section 413 of the Act and that the Commonwealth's argument to the contrary must fail.

The Commonwealth also argues that the respondent never properly requested a supersedeas when it filed the suspension petition. It is clear that a petition to suspend or terminate compensation must expressly request a supersedeas in order to later afford reimbursement from the Supersedeas Fund. *Great American Insurance Co. v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 13, 426 A.2d 1284 (1981). However, no particular words must be used in designating a petition to suspend compensation as a request for supersedeas. *Department of Labor and Industry v. Workmen's Compensation Appeal Board (American Motorists Insurance Co.),* 74 Pa. Commonwealth Ct. 419, 460 A.2d 384 (1983). Here, we find that the respondent's request "at this time to order a suspension of all further payments [until a final decision is made]" is sufficient to constitute a request for supersedeas under Section 413 of the Act, since the relief requested is identical to a request for an immediate supersedeas. Accordingly, we affirm the Board's order affirming the referee's award of reimbursement from the Supersedeas Fund.

## ORDER

AND NOW, this 27th day of January, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

Judge MACPHAIL did not participate in the decision in this case.