Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Pennsylvania National Mutual Casualty Insurance Company, Respondents.

Argued February 1, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DISALLE.

*Mary Ellen Krober*, Assistant Attorney General, for petitioner.

*Robert G. Rose*, with him *Spence, Custer, Saylor, Wolfe & Rose*, and *James N. Diefenderfer*, for respondents.

OPINION BY JUDGE DiSALLE, March 17, 1978:

This case comes before this court upon a petition for review of an order of the Workmen's Compensation Appeal Board (Board) dated January 6, 1977. The Board's order affirms a referee's decision permitting the Pennsylvania National Mutual Casualty Insurance Company (Insurer) reimbursement from the Workmen's Compensation Supersedeas Fund (Fund) for payments made to Raymond Keagy (Keagy) pursuant to a petition to terminate.

On November 25, 1974, Keagy was injured on the job. On December 9, 1974, the Insurer acknowledged the claim and admitted to its compensability by filing

a Notice of Compensation Payable with the Commonwealth of Pennsylvania, Department of Labor and Industry. Thereafter, Keagy received compensation for his disability from the Insurer for approximately three months.

On March 13, 1975, the Insurer filed with the Department, a petition for termination of the liability to Keagy alleging that he was no longer disabled and thus no longer entitled to workmen's compensation benefits. The petition also requested a hearing on the collateral issue of whether a supersedeas should be granted to the Insurer, pending the final outcome of the hearing on the termination petition.

On April 21, 1975, the referee granted the Insurer's request for supersedeas as of April 17, 1975. The Insurer stopped making compensation payments to Keagy on April 17, 1975. On October 1, 1975, the referee granted the termination petition, finding that Keagy's disability had ceased as of February 28, 1975.

The Insurer then requested reimbursement from the Fund for the payments made by the Insurer to Keagy from the date the termination petition was filed until the date that the Insurer actually ceased making payments. The referee decided that the Insurer was entitled to reimbursement for these payments.

The Commonwealth appealed this decision to the Board alleging that the referee committed an error of law in awarding reimbursement since the supersedeas had been granted. The Board affirmed the referee.

Section 413 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §774, provides:

> The filing of a petition to terminate or modify a notice of compensation payable or a compensation agreement or award as provided in

this section shall operate as a supersedeas, and shall suspend the payment of compensation fixed in the agreement or by the award, in whole or to such extent as the facts alleged in the petition would, if proved, require only when such petition alleges that the employe has returned to work at his prior or increased earnings or where the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect which is based upon an examination made within fifteen days of the filing of the petition. In any other case, a petition to terminate or modify a compensation agreement or other payment arrangement or award as provided in this section shall not automatically operate as a supersedeas but may be designated as a request for a supersedeas, which may then be granted at the discretion of the referee hearing the case. A supersedeas shall serve to suspend the payment of compensation in whole or to such extent as the facts alleged in the petition would, if proved, require. The referee hearing the case shall rule on the request for a supersedeas as soon as possible and may approve the request if proof of a change in medical status, or proof of any other fact which would serve to modify or terminate payment of compensation is submitted with the petition. The referee hearing the case may consider any other fact which he deems to be relevant when making the decision on the supersedeas request and the decision shall not be appealable.

Under Section 413 of the Act, the filing of a petition to terminate compensation operates as an automatic supersedeas when the petition alleges that the

employe has returned to work at wages equal to his prior earnings or at increased earnings or when the petition is accompanied by an affidavit of a physician stating the employe has fully recovered. If these two aforementioned factors are not present in the termination petition, then it is discretionary with the referee, after hearing, to either grant or deny a supersedeas.

Prior to its amendment in 1972, Section 413 of the Act provided that the filing of the petition for termination automatically operated as a supersedeas of the payments in all cases. The purpose of the amendment in 1972 was to relieve the employe of the harsh results of this automatic suspension of benefits. The removal of that burden on the employe, however, correspondingly placed a comparable burden on the employer to continue paying compensation during the litigation period.

Section 443 of the Act, however, was adopted simultaneously with the amendment to Section 413 of the Act. Section 443 of the Act, 77 P.S. §999, states:

(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. Application for reimbursement shall be made to the department on forms prescribed by the department and furnished by the insurer. Applications may be assigned to a workmen's compensation referee for a hearing and determination of eligibility for reimbursement pursuant to this act. An appeal shall lie in the manner and on the grounds provided in sec-

tion 423 of this act, from any allowance or disallowance of reimbursement under this section....

This section is obviously intended to reimburse an employer who has continued to make payments in cases in which it was eventually determined that such payments were not due. The Insurer contends that under Section 443 an employer is entitled to reimbursement of payments retroactive to the date that its petition for supersedeas was filed whenever a later determination is made that the employe was not entitled to compensation payments, whether its petition is granted or denied. The Commonwealth argues, however, that an Insurer is entitled to retroactive reimbursement only when a supersedeas request has been denied.

Admittedly, a literal reading of Section 443 might lead to such a conclusion. In our view, such an interpretation would produce an absurd result, especially in this case, where the supersedeas was not granted until more than a month after it was originally filed.

It is clear that we must presume that ". . . the General Assembly does not intend a result that is absurd . . . or unreasonable." The Statutory Construction Act of 1972, 1 Pa.C.S. §1922(1). That the result would be absurd if Sections 413 and 443 of the Act are construed as the Commonwealth contends is quite obvious. If we were to hold that where the application for supersedeas is granted, the Insurer is not entitled to receive retroactive reimbursement, employers or insurers filing such requests would feel compelled to suggest to the referee, *sotto voce,* that they be refused. Thus, employers who have filed termination petitions in the clearest of cases would not receive reimbursement, while in those cases where some doubt existed, the insurer might eventually be reimbursed retroactively.

In the instant case the Insurer filed its request for supersedeas on March 13, 1975. The request was granted on April 21, 1975, and the contemporaneous petition for termination was ultimately granted, effective February 28, 1975. The referee directed reimbursement from the Fund for payments made between the date the request for supersedeas was filed, March 13, 1975, and the effective date of the granting of the supersedeas, April 17, 1975.

The referee's order, as affirmed by the Board, is clearly consistent with the purpose behind Section 443 of the Act, which is to reimburse the Insurer for payments it continued to make to the employe when in fact the employe was no longer entitled to receive them. We affirm.

ORDER

AND Now, this 17th day of March, 1978, the order of the Workmen's Compensation Board of Appeal is hereby affirmed.