Pennsylvania Macaroni Co., Inc. and Liberty Mutual Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Roger Cahill, Respondents.

Argued May 1, 1978, before Judges MENCER, ROGERS and DISALLE, sitting as a panel of three.

*Clem R. Kyle,* for appellants.

*Sandra Christianson,* Assistant Attorney General, with her *Mary Ellen Krober,* Assistant Attorney General, and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE DISALLE, June 12, 1978:

This case involves a petition for review of an order of the Workmen's Compensation Appeal Board (Board) dated December 9, 1976, reversing a referee's decision granting reimbursement to the Liberty Mutual Insurance Company (Insurer) from the Workmen's Compensation Supersedeas Fund for payments made to Roger Cahill (Cahill) pursuant to a petition to terminate and request for supersedeas. We will reverse.

Cahill was injured on May 10, 1971, while employed by the Pennsylvania Macaroni Company. As a result of this injury, an agreement for compensation was entered into by the parties which provided for payment to Cahill for total disability at the rate of $60.00 per week beginning May 11, 1971. Cahill subsequently returned to work on August 16, 1971. After suffering a recurrence of his original injury on September 18,

1971, however, he again was placed on compensation for total disability.

On August 4, 1972, the Insurer filed a petition for termination of compensation. It was alleged in the petition that Cahill was able to return to his regular work on June 22, 1972, without loss of earnings and without disability. At the same time, it also requested that a supersedeas be granted effective June 22, 1972. An examining physician's report was submitted in support of both the petition for termination and request for supersedeas.

The record shows that the hearing on the petition for termination was continued on three different occasions: October 3, 1972, December 19, 1972, and February 14, 1973. The continuances were necessitated each time by Cahill's appearance without counsel and without medical testimony in support of the averments set forth in his answer to the petition for termination. In the meantime, despite the urging of the Insurer, the referee failed to act upon its request for supersedeas. Consequently, the Insurer, apparently of its own accord, ceased making compensation payments to Cahill on December 9, 1972.

A hearing on the petition for termination was finally conducted on April 4, 1973. Upon consideration of the evidence presented at this hearing the referee granted the petition effective June 22, 1972. This decision was not appealed. Thereafter, the Insurer applied for reimbursement for overpayment of compensation to Cahill for the period June 22, 1972, through December 9, 1972. This represented 24 3/7 weeks compensation at the rate of $60.00 per week in the total amount of $1,465.71. Following a hearing and presentation by the Insurer of proof of overpayment, the referee granted the application. Pursuant to this determination, the referee directed that the Insurer be

paid the amount of $1,465.71 out of the Workmen's Compensation Supersedeas Fund. This decision was appealed by the Commonwealth of Pennsylvania to the Board which reversed the referee's determination. The Board concluded that reimbursement to the Insurer under Section 443 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §999, for overpayment of compensation was not proper reasoning that Section 443 provides for reimbursement only in the event a supersedeas has been requested and denied, and since the referee had never denied the Insurer's request for supersedeas, there could be no reimbursement. The Insurer thereafter filed the petition for review now before this Court.

The issue of whether reimbursement under Section 443 of the Act is proper pursuant to a meritorious petition for termination when a simultaneous request for supersedeas was *approved* by the referee was addressed by this Court in *Department of Labor and Industry v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 265, 383 A.2d 261 (1978). We held in that case that reimbursement was proper for the period between the filing of the request and the date the request was approved. That decision controls the case now before us. Here the Commonwealth argues, however, that because the referee failed to act on the Insurer's request, reimbursement is not mandated by the Act. We do not agree. Section 413 of the Act, 77 P.S. §774, provides that once a request for supersedeas is filed, the referee shall rule on the request "as soon as possible." To hold that, because of his failure to act, an insurer is not entitled to reimbursement, would be to penalize the insurer for the referee's inaction. We do not believe that the legislature so intended. The Insurer is therefore entitled to

reimbursement from August 4, 1972, even though no action on its request for supersedeas was taken by the referee.

In the instant case, the Insurer requests reimbursement not only for the period commencing after it filed its petition for supersedeas, but also for the period between June 22, 1972, (the effective date of termination) and August 4, 1972, when its request for supersedeas was filed.

Section 443 of the Act, 77 P.S. §999 states:

(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

This language makes it clear that reimbursement is due only for those payments made subsequent to the request for supersedeas. There is nothing in the wording of Section 443 which would indicate a legislative intent to provide for reimbursement retroactive to the date the referee determined that the employe could return to work without any loss of pay or disability. We are of the view that reimbursement under Section 443 is appropriate only for the period following the date the request for supersedeas was filed.

In the instant case the Insurer filed its petition for termination and request for supersedeas on August 4, 1972. It made its final payment to Cahill on December 9, 1972. Therefore, reimbursement to the Insurer is to be made for the period of 18 2/7 weeks rather than the period of 24 3/7 weeks. The Insurer therefore is to be reimbursed from the Workmen's Compensation Supersedeas Fund in the amount of $1,097.14.

## ORDER

AND Now, this 12th day of June, 1978, the order of the Workmen's Compensation Appeal Board at Docket No. A-71920, denying reimbursement to Liberty Mutual Insurance Company for overpayment of compensation is hereby reversed. It is ordered that payment be made to Liberty Mutual Insurance Company by the Workmen's Compensation Supersedeas Fund, Harrisburg, Pennsylvania, pursuant to Section 443 of the Act, 77 P.S. §999, for the period of August 4, 1972, through December 9, 1972, or 18 2/7 weeks at the rate of $60.00 per week in the total amount of $1,097.14.