511 A.2d 919

Commonwealth of Pennsylvania, Bureau of Workers' Compensation, 3607 Derry Street, Harrisburg, Penna. 17111, Petitioner *v.* State Workmen's Insurance Fund, State Office Building, 100 Lackawanna Avenue, Scranton, Pa. 18503, Respondent.

Argued February 4, 1986, before Judges ROGERS and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Paul E. Baker,* Chief Counsel, with him, *Henry A. Riley,* Assistant Counsel, for petitioner.

*Paul J. Dufallo,* Assistant Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, June 27, 1986:

Before us here is a petition of the Commonwealth of Pennsylvania, Bureau of Workers' Compensation, as custodian of the Workmen's Compensation Supersedeas Fund (Fund), requesting review and reversal of an order by the Pennsylvania Workmen's Compensation Appeal Board (Board), granting the request by the State Workmen's Insurance Fund (SWIF) for reimbursement of payments by it of compensation during the pendency before a referee of its request for supersedeas which request was subsequently granted by the referee. The Board in granting SWIF's request for reimbursement reversed the decision of the referee which had denied the request.

Claimant was awarded compensation for an injury of his hand suffered on July 11, 1979 which included the substantial amputation of a portion of a finger. On March 11, 1980, the insurer filed a Petition for Modification alleging that the injury had resolved into a specific loss and requesting a supersedeas. Several requests by the insurer for continuances were granted

by the referee until a hearing was held on July 16, 1981, as of which date the referee granted the Supersedeas. On May 4, 1982, the referee filed his decision granting modification on the basis that the Claimant had recovered from his injury on November 12, 1980.

On May 14, 1982, the instant request for supersedeas reimbursement was filed, resulting in a decision by the referee dated November 23, 1982, denying reimbursement, apparently on the ground that here the referee had *granted* the request for supersedeas, concluding as a matter of law that reimbursement was not permissible "because compensation was not paid pursuant to a *denial* of supersedeas." (Emphasis added.) This was unquestionably based upon the referee's reading of Section 443 of The Pennsylvania Workmen's Compensation Act (Act)[1] which provides

> If, in any case in which a supersedeas has been requested and *denied* under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. (Emphasis added.)

On appeal to the Board, it was argued that, although a supersedeas granted would be the same as a supersedeas denied, nevertheless, denial of reimbursement by the referee was proper, not on the basis on which the referee seemed to have predicated his denial, but on the basis that it was the defendant's delay by continuances it requested, although granted by the referee, that created the over-payment, which would not

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §999.

have been the case if such delay requests had not been made and granted. The Board, in rejecting this contention stated:

> The Referee specifically found as fact that a request for supersedeas had been made on March 10, 1980 when the underlying petition was filed. He further found that he did not act on the Supersedeas Petition until July 16, 1981 at which point he granted it. (The period in question is from March 10, 1980 until July 16, 1981.) He is unclear as to why it was not acted upon, but apparently because the Defendant did not submit its doctor's deposition until July 16, 1981. We are reversing because we think the inaction is tantamount to a denial[2] and it is immaterial as to why the petition was not acted upon short of an actual withdrawal of the request. There is no indication the request for supersedeas was withdrawn. The case was listed on numerous occasions between March of 1980 and July of 1981. Even if the Referee could *not* act

---

[2] There is support for this view of the Board's. In the case of *Department of Labor and Industry v. Workmen's Compensation Appeal Board (Bethlehem Mines)*, 79 Pa. Commonwealth Ct. 290, 294, 469 A.2d 705, 707-708 (1984), we stated:

> Having determined that no proper action was taken on Respondent's supersedeas request, we think the request must be regarded as if it had been denied. Accordingly, Respondent is entitled to reimbursement for payments it made to Claimant after the filing of its request for supersedeas which were later determined not, in fact, to be payable. See Pennsylvania Macaroni Co., Inc. v. Workmen's Compensation Appeal Board, 36 Pa. Commonwealth Ct. 267, 387 A.2d 949 (1978) (failure of referee to act on a supersedeas request is equivalent to a denial thereof and entitles the insurer to reimbursement when the termination petition is ultimately granted).

on the request for supersedeas during this period because of the fault of the Defendant, the worst punishment the Referee could inflict would have been to *deny* the supersedeas request. Had the Referee formally denied the request for whatever reason reimbursement would now be proper. We therefore are of the opinion the Referee has erred in dismissing the reimbursement request and reverse him and order the Fund to pay the Defendant for the compensation it paid the Claimant for the period of March 10, 1980 until July 16, 1981. (Emphasis the Board's.)

We will affirm.

The principal issue here was resolved by this Court in an en banc decision in the case of *Department of Labor and Industry v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 265, 383 A.2d 261 (1978), where it was argued that a literal reading of Section 443 would require that reimbursement only take place where a Petition for Supersedeas was denied, and would not be payable where a supersedeas request was granted. We stated, in rejecting this contention, as follows:

It is clear that we must presume that '. . . the General Assembly does not intend a result that is absurd . . . or unreasonable'. The Statutory Construction Act of 1972, 1 Pa. C. S. §1922(1). That the result would be absurd if Sections 413 and 443 of the Act are construed as the Commonwealth contends is quite obvious. If we were to hold that where the application for supersedeas is granted, the Insurer is not entitled to receive retroactive reimbursement, employers or insurers filing such requests would feel compelled to suggest to the referee, *sotto*

*voce,* that they be refused. Thus, employers who have filed termination petitions in the clearest of cases would not receive reimbursement, while in those cases where some doubt existed, the insurer might eventually be reimbursed retroactively.

*Id.* at 270, 383 A.2d at 263.

Furthermore, as to the granting of reimbursement for payments made after the Supersedeas Petition was filed, but before it was decided, in another en banc decision of this Court, *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 492, 379 A.2d 1080 (1977), we stated:

> The purpose of the Supersedeas Fund provisions of the Act—that employers and insurers be reimbursed for compensation unnecessarily paid to workers who have in fact recovered from their injuries—would be seriously undermined by disallowing reimbursement for the potentially lengthy period between filing and the referee's denial.

*Id.* at 500, 379 A.2d at 1084. *See also Pennsylvania Macaroni Co. v. Workmen's Compensation Appeal Board (Cahill),* 36 Pa. Commonwealth Ct. 267, 387 A.2d 949 (1978).

The Fund urges here, as we have noted, and as it did before the Board, that the delay was attributable to actions by the insurer and that this distinguishes the instant case from *Macaroni,* where the continuances were attributable to the claimant who appeared without counsel requiring three continuances. We find this distinction without merit since, as the Board noted, continuances can be denied, and we know of no indication that these continuances were objected to, or were objectionable.[3]

---

[3] While we are aware that the Fund was not a party in the proceedings in which the continuances were granted, we cannot

Accordingly, for the reasons stated, we will affirm.

ORDER

NOW, June 27, 1986, the decision of the Workmen's Compensation Appeal Board as of No. A-85035, dated November 29, 1984, is hereby affirmed.

---

here rule on the propriety of the referee's actions in granting the continuances; but we note that we are not empowered to review the referee's exercise of his discretion in granting or refusing a continuance.

The power to grant or refuse a continuance is an inherent power of a court or administrative agency which is ordinarily discretionary and subject to, review only on a clear showing of an abuse of discretion.

*Phillips-Farmer v. John Wanamaker-Philadelphia,* 28 Pa. Commonwealth Ct. 600, 603, 369 A.2d 1339, 1340 (1977), quoting from *Rabenstein v. State Workmen's Insurance Fund,* 15 Pa. Commonwealth Ct. 160, 166, 325 A.2d 681, 684 (1974).

---

DISSENTING OPINION BY JUDGE BARRY:

Because I believe that the Workmen's Compensation Supersedeas Fund should not be depleted unnecessarily and made to reimburse an employer's insurer when that insurer has been dilatory in supplying the necessary proof in support of a petition to either modify or terminate benefits, I emphatically dissent.

Here, the employer filed a modification petition with a request for a supersedeas on March 10, 1980, alleging that the claimant's disability had resolved itself into the specific loss of one-half of the index finger. *The claimant at no time ever contested this petition.* Nonetheless, seven hearings, the first of which was scheduled for April 10, 1980, were postponed at the employer's request because it was not prepared to supply the necessary medical documentation to support its petition. This proof was not supplied until July 16, 1981, *over sixteen months after the modification peti-*

*tion was filed.* When this proof was supplied, the referee immediately granted the supersedeas. Subsequently, the modification petition was also granted. The net result of this is that the employer's insurer was reimbursed $7,999.64 ($113.50/week for the period from March 10, 1980 until July 16, 1981) for payments it made to which the claimant was not entitled.

Section 443 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §999 provides:

> If, in any case in which a supersedeas has been requested and denied under the provisions of Section 413 or Section 430, payments of compensation are made as a result thereof and upon final outcome of the proceedings, it is determined that the compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

As the majority correctly points out, we decided that it would be absurd to read this section literally, which speaks only of denials of requests for a supersedeas, and deny reimbursement in those situations where a request for supersedeas is granted. *Department of Labor and Industry v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 265, 383 A.2d 261 (1978). Despite this holding, the majority again relies on a literal reading of Section 443 in holding that reimbursement is proper simply because the employer's insurer complied with all of the requirements of that section.

In *Pennsylvania Macaroni Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 267, 387 A.2d 949 (1978), we held that an insurer should not be penalized for a referee's failure to act on a supersedeas request and that the reimbursement should backdate to the time of the filing of the request.

There, however, the delay was solely attributable to continuances requested by the *claimant who was contesting the termination petition and the request for supersedeas.* Such is simply not the case here, as the employer's insurer admits that the delays resulted from its failure to supply the necessary medical proof (Insurer's brief, pp. 4-5).

The first hearing on this modification petition and supersedeas request was scheduled for April 10, 1980. No answer was ever filed by the claimant nor was an appearance ever entered. I thus believe that the insurer is entitled to reimbursement only for the payments made between March 10, 1980 and April 10, 1980. I recognize that there may be instances in which the employer or its insurer has valid reasons which would necessitate continuances, thereby allowing a greater reimbursement. No such explanations were offered in this case. I therefore believe that Section 443 must be read to deny reimbursement in those instances where the delay in the referee's action upon a supersedeas request is solely attributable to the employer or its insurer. This being such a case, I dissent.