620 A.2d 586

**ST. MARGARET MEMORIAL HOSPITAL, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (KUSENKO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 27, 1992.

Decided Jan. 14, 1993.

David A. Torrey, for petitioner.

Michael R. Hetrick, Asst. Counsel, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

St. Margaret Memorial Hospital (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) reversing the Referee's decision to grant its application for reimbursement from the Supersedeas Fund (Fund).

Jeffrey Kusenko (Claimant) was employed as a kitchen worker at St. Margaret Memorial Hospital when, in the course

of his employment, he suffered a lumbar strain on May 24, 1989. By Notice of Compensation Payable, the Employer compensated Claimant for his injury until June 5, 1989, at which time payments ceased because Claimant returned to work. Even though Claimant returned to work, he never signed a Supplemental Agreement or a Final Receipt. Claimant continued to work until June 21, 1989, when he was incarcerated, and never returned to work at the hospital.

On September 1, 1989, Claimant filed a petition to reinstate his compensation for loss of wages as of June 21, 1989, through September 29, 1989, alleging that he sustained an aggravation of his injury during that period. The Employer filed an Answer denying that allegation. On September 29, 1989, the Employer filed a request for Supersedeas as of June 5, 1989, along with a Suspension/Termination Petition alleging that Claimant's compensation should be suspended as of June 5, 1989, the date he returned to work, and terminated as of August 29, 1989, the date the Employer's physician determined Claimant had recovered from his work-related injury.[1] The request for Supersedeas was denied on October 27, 1989. On November 6, 1989, the Employer issued a compensation check to Claimant in the amount of $2,460.20 for loss of wages for the period of June 21, 1989, to September 29, 1989.

By decision of April 25, 1990, the Referee concluded that Claimant was not entitled to compensation from June 21, 1989, through September 29, 1989. He ordered the Employer to suspend compensation as of June 6, 1989, and terminate Claimant's total disability as of August 29, 1989. Claimant did

1. Because the Employer discontinued paying Claimant compensation as of June 5, 1989, it appears there was no need to file a request for Supersedeas, as no payments had been made from that date forward. However, because cessation of compensation without a final receipt continues the responsibility of the Employer to make payments to Claimant, *Busche v. Workmen's Compensation Appeal Board (Townsend & Bottum, Inc.)*, 77 Pa.Commonwealth Ct. 469, 466 A.2d 278 (1983), and the Employer ceased paying Claimant compensation without receiving a signed Final Receipt, the Employer apparently chose to request a Supersedeas in the event it was later determined that compensation was still owed to Claimant after June 5, 1989.

not appeal from the Referee's order dismissing his reinstatement petition.

In May of 1990, the Employer sought reimbursement from the Fund in the amount of $2,279.50 for the payment it made to Claimant for the period of June 21, 1989, through September 21, 1989.[2] Answering on behalf of the Fund, the Pennsylvania Department of Labor and Industry (Department of Labor) disputed the Employer's right to receive reimbursement. The Referee granted the Employer's request based on its conclusion that the Employer was entitled to reimbursement pursuant to the language in Section 443(a) of the Workmen's Compensation Act (Act).[3] That provision permits reimbursement when payments are made as a result of a previous request for a Supersedeas that has been denied.

The Department of Labor appealed to the Board which reversed the Referee's award. The Board concluded that although the payment made to Claimant was made after the Employer filed a request for Supersedeas, the Employer was requesting retroactive reimbursement for a payment made for Claimant's alleged disability from June 21, 1989, through September 29, 1989, a period of time prior to filing its request for Supersedeas on September 29, 1989. The Employer then filed this appeal.[4]

Section 443(a) of the Act provides in pertinent part:

If, in any case in which a supersedeas has been requested and denied under the provision of section 413 or section 430, *payments of compensation are made as a result thereof* and upon the final outcome of the proceedings, it is determined

2. The Employer requested this amount as an overpayment because it noted on the application for reimbursement that "this was the only period claimed to be disabling by Claimant."

3. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 999.

4. Our scope of review from the Board's determination that the Employer is not entitled to reimbursement from the Supersedeas Fund for overpayments to the Claimant is limited to determining whether constitutional rights were violated, an error of law was made, or whether the findings of fact were supported by substantial evidence. *Wausau Insurance Company v. Workmen's Compensation Appeal Board (Fulton),* 138 Pa.Commonwealth Ct. 491, 588 A.2d 592 (1991).

that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. (Emphasis added.)

The Department of Labor contends that the Employer is impermissibly seeking retroactive reimbursement because this provision precludes any payment of compensation for any periods of disability or loss of wages prior to filing a request for Supersedeas. As such, reimbursement can only be had for payments made for Claimant's periods of disability after the date the request for Supersedeas was filed.

The Employer, however, contends that Section 443(a) of the Act clearly permits the reimbursement of compensation erroneously paid to a claimant after a request for Supersedeas has been denied, and the period of time for which the payment is made is irrelevant. Only the time the payment is actually made is of importance. The Employer argues that it met the requirements of Section 443(a) of the Act because it filed a petition for Supersedeas on September 29, 1989, for the time period for which the Claimant sought compensation and for which the Referee ultimately determined that Claimant was not entitled.

Aside from there being no support in our case law for the Department of Labor's argument, Section 443(a) of the Act clearly only requires that the reimbursement from the Fund can only be made *after* the request for Supersedeas is made and denied.[5] The only limitation is that reimbursement cannot be had for any compensation paid *prior* to the filing of the request for Supersedeas. Not only would any other interpretation not be in keeping with the language of Section 443(a) of the Act, but it would not further the purpose of the Fund:

The obvious purpose of the Fund is to provide a means to protect an insurer who makes compensation payments to a

---

5. Although the Department of Labor and the Board refer to *Pennsylvania Macaroni Co., Inc. v. Workmen's Compensation Appeal Board (Cahill)*, 36 Pa.Commonwealth Ct. 267, 387 A.2d 949 (1978), in support of its argument, that case strongly stands for the proposition that reimbursement is only appropriate for payments made to a claimant after the request for Supersedeas is filed.

claimant who *ultimately is determined not to be entitled thereto.* The Legislature recognized that recoupment from the claimant was impractical and would undermine the benevolent purposes of the Act. (Emphasis added.)

*Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Allstate Insurance Company),* 96 Pa.Commonwealth Ct. 566, 570, 508 A.2d 388, 390 (1986).

■ The Employer in this case paid Claimant compensation to which he was not entitled after its request for supersedeas was denied. Even though the compensation paid to Claimant was for alleged periods of disability prior to the date the Employer filed a request for Supersedeas, Section 443(a) of the Act provides that the Employer is entitled to reimbursement from the Fund.

Accordingly, the decision of the Board is reversed, and the Fund is directed to pay the Employer $2,279.50.

## ORDER

AND NOW, this 14th day of January, 1993, the order of the Workmen's Compensation Appeal Board, dated April 1, 1992, No. A91–0478, is reversed, and the Supersedeas Fund is directed to pay St. Margaret Memorial Hospital $2,279.50.