**ROBB, LEONARD AND MULVIHILL and The Travelers Insurance Co., Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HOOPER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 1999.
Decided Feb. 15, 2000.

---

F. David Dermotta, Pittsburgh, for petitioners.

Catherine Wojciechowski and Martin C. Cunningham, Harrisburg, for respondent.

Before DOYLE, President Judge, and COLINS, J., McGINLEY, J., PELLEGRINI, J., FRIEDMAN, J., KELLEY, J., and LEADBETTER, J.

DOYLE, President Judge.

Robb, Leonard and Mulvihill (Employer) and The Travelers Insurance Company (collectively, Petitioners) petition for review of an order of the Workers' Compensation Appeal Board (Board) that amended an order of a Workers' Compensation Judge (WCJ) and denied Petitioners' application for full reimbursement from the Supersedeas Fund.

Linda Hooper (Claimant) worked for Employer, a law firm, as a senior legal assistant when she suffered a work-related injury to her hands and wrists on June 22, 1990, and, pursuant to a Notice of Compensation Payable, Claimant began to receive disability benefits. On June 10, 1991, Claimant was examined by her treating physician, Dr. Arnold S. Broudy, and was released to return to work. Employer offered Claimant her time-of-injury position, but Claimant declined to accept the proffered employment and chose to retire instead for personal reasons. Beginning June 24, 1991, Petitioners unilaterally suspended Claimant's benefits. On December 30, 1991, Petitioners filed a petition to modify and/or suspend Claimant's benefits on the basis that Claimant had been offered employment within her medical restrictions but had refused the job offer. Petitioners also filed an application for supersedeas, which the WCJ granted on April 14, 1992, effective March 31, 1992. However, the WCJ ordered Petitioners to pay to Claimant the compensation benefits that had been withheld from her from June 24, 1991, through March 31, 1992. Petitioners appropriately followed the WCJ's order and paid Claimant accordingly. Ultimately, by a decision dated October 28, 1993 (circulated on November 3, 1993), the WCJ granted Petitioners' suspension petition effective June 24, 1991.

Petitioners subsequently, on February 25, 1994, filed an application for reimbursement from the Supersedeas Fund, which the WCJ granted for the entire period that benefits were paid, from June 24, 1991, through March 31, 1992, the date that the supersedeas was granted.[1] The Bureau of Workers' Compensation appealed from the WCJ's decision to the Board, arguing that Petitioners were not entitled to be reimbursed for that period of time during which Employer had unilaterally stopped paying Claimant's benefits. The Board noted that under Section 443 of the Workers' Compensation Act (Act),[2] supersedeas reimbursement is awarded from the filing date of the request, in this case, December 30, 1991, rather than from the date on which the insurer summarily and unilaterally stops making payments (June 24, 1991):

> To grant [Petitioners] reimbursement from the date [Petitioners] unilaterally and summarily stopped making payments would endorse and encourage employers/insurers to unilaterally cease paying benefits in direct violation of the Act. The Board does not encourage such violational behavior.

(Board's Decision at 4.) The Board therefore determined that the WCJ's decision should be amended to provide for reimbursement only from December 30, 1991, the date that the request for supersedeas was filed, through March 31, 1992, the date the supersedeas was granted, thus excluding that period of time prior to Petitioners' application for a supersedeas. This appeal followed.

---

1. March 31, 1992, was the date of the hearing held by the WCJ, not the date of the WCJ's order (April 14, 1992). No explanation was given by the WCJ why this date was chosen, but it is not an issue in this appeal.

2. Section 443(a) of the Act provides in pertinent part:

> If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 999.

On appeal,[3] Petitioners argue that the Board committed an error of law by amending the WCJ's decision. More specifically, Petitioners contend that, even though a portion of the benefits they paid is attributable to a period of Claimant's entitlement prior to the date that a supersedeas was requested, *i.e.*, December 30, 1991, Petitioners are entitled to reimbursement from the Supersedeas Fund for the entire period, *i.e.*, from June 24, 1991, through March 31, 1992, because payment was actually made for that entire period; that, although made **subsequent** to the request for a supersedeas, all benefits were paid **pursuant to an order of the WCJ.**

■ Before an employer/insurer may obtain reimbursement from the Supersedeas Fund, the following five requirements must be met:

1. A supersedeas must have been requested;

2. The request for supersedeas must have been denied; [4]

3. The request must have been made in a proceeding under Section 413 of the Act; [5]

4. **Payments were continued because of the order denying supersedeas;** and

5. In the final outcome of the proceedings, 'it is determined that such compensation was not, in fact, payable.'

*Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Liberty Mutual Insurance Company)*, 113 Pa.Cmwlth. 607, 538 A.2d 587, 589 (1988) (emphasis added). In this appeal, the WCJ issued an order granting a supersedeas, but also issued a separate order requiring Petitioners to pay the previously withheld benefits; that is, the WCJ ordered the employer and its insurer to pay benefits retroactively. Petitioners contend that they are entitled to reimbursement for the entire period because the benefits were paid pursuant to the WCJ's separate

---

3. This Court's review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was made. *Morey v. Workers' Compensation Appeal Board (Bethenergy Mines, Inc.)*, 684 A.2d 673 (Pa.Cmwlth.1996).

4. Section 443 of the Act allows for reimbursement of payments in cases where a supersedeas request has initially been **denied**, but in the final outcome it is determined that such compensation was not in fact payable. However, in *Department of Labor and Industry v. Workmen's Compensation Appeal Board (Pennsylvania National Mutual Casualty Insurance Co.)*, 34 Pa.Cmwlth. 265, 383 A.2d 261 (1978), we held that Section 443 also applies to cases where the application for supersedeas was eventually **granted** but payments were made by employer before the pending supersedeas was granted:

It is clear that we must presume that '. . . the General Assembly does not intend a result that is absurd . . . or unreasonable.' The Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1).... If we were to hold that where the application for supersedeas is granted, the Insurer is not entitled to receive retroactive reimbursement, employers or insurers filing such requests would feel compelled to suggest to the [WCJ], *sotto*

*voce*, that they be refused. Thus, employers who have filed termination petitions in the clearest of cases would not receive reimbursement, while in those cases where some doubt existed, the insurer might eventually be reimbursed retroactively.

*Department of Labor and Industry*, 383 A.2d at 263. Thus, whether the initial supersedeas request is granted or denied is of no consequence to the issue of reimbursement **if** (a) an employer **continues** to make payments **until** a supersedeas is granted; or (b) an employer continues to make payments after a supersedeas is denied, but it is later determined that benefits were not in fact payable. Therefore, the fact that the supersedeas was granted in this case is not an issue.

5. Section 413 of the Act provides, in pertinent part:

A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

77 P.S. § 771.

order, and therefore pursuant to a ruling on their request for supersedeas. In response, the Bureau of Workers' Compensation argues that, because Petitioners unilaterally suspended benefits, payments were not "continued" as a result of the order denying supersedeas, and thus the fourth requirement above was not met in this case.

In support of its argument that the WCJ correctly granted reimbursement for the entire period, Petitioners cite to *St. Margaret Memorial Hospital v. Workmen's Compensation Appeal Board (Kusenko)*, 152 Pa.Cmwlth. 631, 620 A.2d 586 (1993). In *Kusenko*, the employer had unilaterally stopped paying benefits to the claimant when he returned to work on June 5, 1989. Subsequently, on September 29, 1989, the employer filed a request for a supersedeas, alleging that the claimant's benefits should cease as of June 5, 1989, the date on which claimant had returned to work.[6] A referee[7] denied the employer's request for a supersedeas, and on November 6, 1989, the employer issued a compensation check to the claimant for his loss of wages for the period from June 21, 1989,[8] to September 29, 1989. On April 25, 1990, the referee concluded that the claimant was not enti-

tled to compensation for that period of time. Thereafter, the employer sought reimbursement from the Supersedeas Fund, which the referee granted. The Board, however, reversed the referee's award and concluded that, although the payment was made to the claimant **after** the employer filed a request for a supersedeas, the employer was requesting retroactive reimbursement for a payment attributable to the claimant's alleged disability for a period of time **prior to** filing its request for a supersedeas. Thus, the Board denied the employer's request for reimbursement on the basis that such retroactive reimbursement is not permitted.

On appeal to this Court, we reversed the Board's decision under the reasoning that Section 443(a) of the Act permits the reimbursement of compensation erroneously paid to a claimant even after a request for a supersedeas has been denied, and the period of time for which payment is made is irrelevant. However, after reviewing our decisions addressing this issue both prior to and after *Kusenko*, we recognize an inconsistency in that *Kusenko* is contrary to every other opinion that has been decided by this Court.[9]

---

**6.** Subsequent to Claimant's return to work on June 5, 1989, he was incarcerated on June 21, 1989, and never returned to work with his employer after that time.

**7.** Prior to the 1993 amendments to the Act, WCJs were referred to as workmen's compensation referees.

**8.** Although the employer stopped paying claimant's benefits on June 5, 1989, as pointed out in footnote 1 in *Kusenko*, the reasons for the discrepancy in dates (June 5 to June 21) are not pertinent to our disposition of this appeal.

**9.** *See, e.g., Moore v. Workmen's Compensation Appeal Board (International Service System)*, 137 Pa.Cmwlth. 582, 586 A.2d 1047 (1991) (Pursuant to Section 443 of the Act, an employer can recover from the Supersedeas Fund only compensation which was paid after the petition for a supersedeas has been filed; there is no provision in the Act which would allow an employer to recover, retroactively, payments made prior to the filing of a petition

for a supersedeas); *Bureau of Workers' Compensation v. State Workmen's Insurance Fund*, 98 Pa.Cmwlth. 414, 511 A.2d 919 (1986) (affirming grant of reimbursement to insurer for payments it continued to make during pendency of insurer's request for supersedeas before referee, which referee subsequently granted, even though delay between date of filing request and date of decision was attributable to the insurer's requests for continuances); *Department of Labor and Industry v. Workmen's Compensation Appeal Board (Bethlehem Mines Corporation)*, 79 Pa.Cmwlth. 290, 469 A.2d 705 (1984) (employer who subsequently prevailed in termination of benefits proceeding was entitled to reimbursement from the Supersedeas Fund for payments it made to the claimant dating from the filing of the supersedeas request); *Department of Labor and Industry v. Workmen's Compensation Appeal Board*, 34 Pa.Cmwlth. 265, 383 A.2d 261 (1978) (affirming a referee's grant of reimbursement from the Supersedeas Fund, effective from the date of the request through the date of the grant of the supersedeas, and

Contrary to our holding in *Kusenko*, it is settled law that reimbursement under Section 443 is appropriate only for the period **following** the date on which the request for a supersedeas was filed. *Pennsylvania Macaroni Co., Inc. v. Workmen's Compensation Appeal Board (Cahill)*, 36 Pa.Cmwlth. 267, 387 A.2d 949 (1978). In *Cahill*, the insurer filed a petition for termination of compensation and a request for a supersedeas on August 4, 1972. The referee failed to act upon the request for supersedeas, and the insurer ceased making compensation payments on December 9, 1972. Some months later, the referee conducted a hearing on the termination petition and granted the petition effective June 22, 1972, the date that the referee decided that the claimant could have returned to work. The insurer applied for reimbursement from the Supersedeas Fund for the period June 22, 1972 through December 9, 1972, which the referee granted.

The Board reversed and concluded that, under Section 443 of the Act, reimbursement is only permitted when a supersedeas request has been denied, and, because the referee never decided the insurer's supersedeas request in this case, there could be no reimbursement. On appeal to this Court, we reversed the decision of the Board and held that the insurer was entitled to reimbursement because to deny reimbursement would be to penalize the insurer for the referee's inaction and to be at odds with the legislative intent behind the Act. **However,** we limited reimbursement to the period commencing **after** the insurer had filed its request for a supersedeas, and denied reimbursement for the period between June 22, 1972, the effective date of the termination, and August 4, 1972, the date that the insurer filed its supersedeas request:

Th[e] language [of Section 443] makes it clear that reimbursement is due only for those payments made subsequent to the request for supersedeas. There is nothing in the wording of Section 443 which would indicate a Legislative intent to provide for reimbursement retroactive to the date the referee determined that the employe could return to work without any loss of pay or disability. We are of the view that reimbursement under Section 443 is appropriate only for the period following the date the request for supersedeas was filed.

*Cahill*, 387 A.2d at 950–51.

Another early case from this Court that recognized this principle was *Westmoreland Casualty Company v. Workmen's Compensation Appeal Board*, 32 Pa. Cmwlth. 492, 379 A.2d 1080 (1977), a case with facts analogous to those in *Kusenko*. In *Westmoreland Casualty*, the insurer for the employer summarily stopped making payments to the claimant on December 19, 1973, following an examination by the insurer's doctor during which it was determined that the claimant had fully recovered. On February 8, 1974, the insurer filed a Termination Petition and requested a supersedeas. Following a hearing, a referee orally denied the insurer's request for a supersedeas, and the insurer resumed paying claimant compensation benefits, **including making retroactive payments to December 19, 1973.**

On April 4, 1976, the referee granted the insurer's Termination Petition as of December 19, 1973. The insurer filed an application for reimbursement from the Supersedeas Fund for compensation benefits paid to claimant after December 19, 1973, pursuant to Section 433(a) of the Act. A referee concluded that the insurer had established its eligibility for reimbursement for the entire period from December 19, 1973 to March 31, 1975. The Commonwealth appealed from the referee's decision to the Board. The Board held that the correct date from which reimburse-

noting that such decision was consistent with the purpose of the Act, which is to reimburse the insurer for payments it continued to make

to the employee when in fact the employee was no longer entitled to receive them).

ment was to be measured was neither the date of medical recovery, nor the date of the denial of the supersedeas, but rather the date the supersedeas was requested, *i.e.*, February 8, 1974. Both the insurer and the Commonwealth appealed to this Court.

On appeal to this Court, we determined that, "[a]fter review of the history of Section 443 and 413, we are of the opinion that the result reached by the Board best comports with the purposes of the Act and the realities of its administration." *Westmoreland Casualty*, 379 A.2d at 1084. Accordingly, we entered an order affirming the Board, thereby granting reimbursement to the insurer for compensation paid to the claimant only after February 8, 1974, the date that the insurer filed its request for a supersedeas. In so doing, we excluded from reimbursement those retroactive payments the insurer made that were attributable to the time period **prior** to the date it requested a supersedeas, *i.e.*, from December 19, 1973 to February 8, 1974.

■ To the extent that *Kusenko* stands for the proposition that an Employer may receive retroactive reimbursement from the Supersedeas Fund for any payments made that are attributable to a period of time **prior to the employer's request for a supersedeas**, *Kusenko* is in direct conflict with our previous holding in *Westmoreland Casualty*. Therefore, *Kusenko* is overruled. We hold today that reimbursement can only be granted for those payments attributable to a claimant's period of disability subsequent to the date the request for supersedeas is filed.

■ The purpose of the 1972 amendments to Section 413 of the Act, 77 P.S. § 774, which no longer permits an automatic supersedeas upon the filing of a petition for modification of compensation, was to relieve the employee of the harsh results of an automatic suspension of benefits. The removal of that burden on the employee, however, correspondingly placed a comparable burden on the em-

ployer to continue making compensation payments during the litigation period. *M.D.S. Laboratories v. Workmen's Compensation Appeal Board (Munchinski)*, 125 Pa.Cmwlth. 460, 558 A.2d 148 (1989). The employer's proper recourse is to **continue paying benefits** *and* **file a request for a supersedeas along with its petition for termination;** if the employer is ultimately successful on the merits of its modification petition, then it may apply to the Supersedeas Fund for full reimbursement. *Graves v. Workmen's Compensation Appeal Board (LaFrance Corp.)*, 680 A.2d 49 (Pa.Cmwlth.1996). Here, however, Petitioners did not continue to make payments to Claimant. Instead, Petitioners unilaterally stopped making payments, and, six months later, filed for a supersedeas. After the supersedeas was granted, Petitioners paid Claimant a lump sum representing benefits owed for both the six months prior to the date they filed their request and the time period between the date of filing and the date that the supersedeas was granted. Although Petitioners paid the previously withheld benefits to Claimant, they did so only after being ordered to do so by the WCJ and only after their supersedeas request had been granted. Under our holding in *Westmoreland Casualty*, Petitioners are not entitled to reimbursement for those payments.

Finally, Petitioners claim that they were entitled to withhold Claimant's benefits because there was no dispute between Claimant's and Petitioners' medical evidence that Claimant could perform the job offered to her. Petitioners argue that they are entitled to reimbursement because the request for a supersedeas was filed (1) after Claimant had the opportunity to return to her time of injury job, which her own medical evidence indicates she could perform; (2) after Claimant left her employment and retired; and (3) after Claimant indicated that, regardless of what accommodations would be made for her, she had no intention of returning to her employment and resigned. Petitioners contend that these facts alone established that

Claimant was no longer entitled to benefits:

> It is submitted that given the facts of the instant case, as Claimant voluntarily chose not to return to work, produced her own medical evidence which supported her ability to perform said work, and instead of returning to work resigned and retired ... the action of Petitioners in stopping payment of compensation benefits pending the receipt from Claimant of a Supplemental Agreement suspending compensation benefits effective June 24, 1994 was **not a bad faith act** which would preclude reimbursement after the WCJ found in his final Decision that Claimant was not entitled to the compensation benefits he ordered to be paid to Claimant between June 24, 1991 and March 31, 1992. The unilateral stoppage does not preclude reimbursement under Section 443 for benefits paid to Claimant which were finally determined were not payable to her. However, such a unilateral stoppage may subject the offending party to pay additional monies under Section 435 of the Act. (77 P.S. Section 991)....

(Petitioners' Brief at 17–18.) (Emphasis in original.) (Citations omitted.) Petitioners continue their argument by noting that, although the WCJ did in fact direct them to pay penalties under Section 435 of the Act,[10] Section 435 does not provide for forfeiture of reimbursement from the Supersedeas Fund.

 Petitioners admit that they were properly assessed penalties, yet claim that because they acted in subjective good faith in withholding Claimant's benefits, the fact that they failed to follow the provisions in the Act should not preclude them from reimbursement from the Supersedeas Fund. Petitioners' subjective belief, however, as to whether Claimant was entitled to receive benefits is irrelevant as to whether Petitioners are entitled to reimbursement. The Act does not give the employer the right of self-help, *i.e.*, the right to ignore the requirements of the Act and unilaterally suspend benefits without following the prescribed statutory remedies. *See Moody v. Workmen's Compensation Appeal Board (Philadelphia Inquirer)*, 127 Pa.Cmwlth. 65, 560 A.2d 925 (1989). Rather, the law is well settled that an Employer who is obligated to pay a claimant benefits may cease paying such benefits only when one of the following conditions is satisfied:

(1) a supplemental agreement is submitted pursuant to Section 408 of the Act, 77 P.S. § 732;

(2) a final receipt is submitted, signed by the claimant pursuant to Section 434 of the Act, 77 P.S. § 1001;

(3) an interlocutory order is secured from a WCJ granting a discretionary supersedeas pursuant to Section 413(a.1) and 413(a.2) of the Act, 77 P.S. § 774;

(4) a petition to suspend compensation is filed with an accompanying affidavit from the insurer that the claimant has returned to work at wages greater than or equal to his pre-injury wage pursuant to Section 413(c) of the Act, 77 P.S. § 774.2; or

(5) a final order is secured from a WCJ terminating a claimant's benefits.

*Gillis v. Workers' Compensation Appeal Board (Willits Roofing, Inc.)*, 725 A.2d 257 (Pa.Cmwlth.1999); *see also Sheridan v. Workers' Compensation Appeal Board (Anzon, Inc.)*, 713 A.2d 182 (Pa.Cmwlth. 1998). Until one of the above events occurs, an employer carries the burden of paying compensation during the entire litigation period. *Winkelmann v. Workmen's Compensation Appeal Board (Estate of O'Neill)*, 166 Pa.Cmwlth. 154, 646 A.2d 58 (1994), *petition for allowance of appeal denied*, 540 Pa. 609, 655 A.2d 996 (1995). In our view, these preconditions placed upon the employer before it may stop pay-

---

10. These penalties included Claimant's Bill of Costs, as well as 20% of the compensation that the WCJ ordered to be paid for the period from June 24, 1991, to March 31, 1992.

ing compensation benefits to a claimant advance the public policy underlying the Act and are not overly burdensome to the employer.

■■■ Accordingly, we reaffirm our earlier holding in *Westmoreland Casualty:* if an employer files an application for supersedeas, the supersedeas can be effective **no earlier** than the date on which the employer files such an application. Moreover, the granting of a supersedeas request cannot erase the employer's obligation to pay benefits for the time during which a supersedeas was not in effect. *Horner v. C.S. Myers & Sons,* 721 A.2d 394 (Pa.Cmwlth.1998). The subsequent granting of a supersedeas request does not excuse an earlier violation of the Act. *Id.* Furthermore, the triggering date for reimbursement is the date on which the employer files an application for supersedeas. *Cahill.* Thus, even if Petitioners had continued to pay Claimant benefits but waited until December to file its request for a supersedeas, Petitioners still would not be entitled to recoup the benefits paid for that time period prior to its request.

Petitioners in this case failed to follow any of the procedures set forth above. Instead, Petitioners unilaterally withheld Claimant's benefits and then waited over six months to file their suspension petition and request for a supersedeas. Petitioners now contend that they are entitled to reimbursement merely because they paid those benefits retroactively pursuant to the WCJ's order **after** they requested a supersedeas. We agree with the Board and find that to "grant [Petitioners] reimbursement from the date [Petitioners] unilaterally and summarily stopped making payments would endorse and encourage employers/insurers to unilaterally cease paying benefits in direct violation of the Act." (Board's Decision at 4.)

Accordingly, the Board's decision providing for supersedeas reimbursement from December 30, 1991, through March 31, 1992, is affirmed.

***ORDER***

**NOW**, February 15, 2000, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Judge FRIEDMAN concurs in the result only.